Benjamin H. Hubbell, reviewor, *vs.* Philander Wheeler, reviewee.

*Addison,*
*January,*
*1827.*

An action of trespass is the proper remedy for the injury of seduction ; and the seduction is of itself a substantive ground for the action.

In trespass *quare clausum fregit,* with other abuses in aggravation, if the defendant plead a licence to enter, the plaintiff may now assign the matter in aggravation as a substantive trespass ; and if the licence proved be a licence given by law, may recover not only for the matter newly assigned, but for the breaking and entering also. But if the licence be given by the party, he shall recover on the new assignment only ; for an abuse of a licence to enter, given by the law, makes the wrongdoer a trespasser *ab initio,* but otherwise of a licence given by the party.

But if, in an action of trespass for breaking and entering the plaintiff's house, and debauching his daughter, *per quod,* &c. the defendant plead the general issue, and give notice under the statute that he shall give in evidence a licence to enter, the plaintiff may, under the same issue, prove the seduction, and recover for it as for a substantive trespass, notwithstanding the licence to enter, for the advantages of the statute are reciprocal, and the defendant, by his mode of pleading, has precluded the plaintiff from new assigning:

THE defendant was attached to answer unto the plaintiff in a plea of trespass, for that the said *Philander,* heretofore, to wit, at, &c. on the 1st day of January, 1819, with force and arms, *broke and entered the dwelling-house of the plaintiff,* of which the plaintiff was then and there possessed, and in which the plaintiff then lived, situated, &c. and assaulted and ill-treated *R. H.* then and still the servant and daughter of the plaintiff, and then and there debauched and carnally knew said R. and got her with child, by means of which said R. became sick, and unable to do and perform the necessary affairs and business of said *Benjamin H.* her master and father as aforesaid—whereby said Benjamin H. was for a long space of time, to wit, six months, next following the time aforesaid, at, &c. aforesaid, deprived of the services, aid and assistance of his said servant and daughter, which he the said Benjamin H. ought, during all that time, to have had, and otherwise might and would have had, to wit, at, &c.—and other wrongs to the said Benjamin H. then and there did, against the peace, &c. *Ad. dam.* $500.

Plea, *not guilty,* with notice of special matter, justifying the breaking and entering of the house by licence from the plaintiff.

On the trial of this issue at the January term of this Court, 1825, the plaintiff offered in evidence, in support of his action the following facts, viz :

*Addison,
January,
1827.*

Hubbell
*vs.*
Wheeler.

That the defendant, being at the time a boarder in the plaintiff's family, debauched the plaintiff's daughter, and got her with child, she being at that time in his service :---in consequence of which she was for a long time sick and unable to serve the plaintiff, and he was charged with her support and maintenance.

Whereupon the defendant objected, that as the defendant, at the time of the supposed trespass, was a member of the plaintiff's family, he entered the house by licence of the plaintiff, and in as much as the seduction of the daughter was laid as an aggravation of the trespass, the trespass being justified, the plaintiff could not recover for the seduction : wherefore he prayed a non-suit. But the court refused to non-suit the plaintiff, and charged the jury, that, although it did appear in evidence that the defendant was a boarder in the plaintiff's family at the time the child was begotten, yet this would not prevent the plaintiff from recovering in this action. And the jury returned a verdict for the plaintiff.

To this direction of the court, the defendant (waiving his right of review,) excepted, and moved the court that the verdict might be set aside, and a non-suit entered.

This motion was argued at the January term, 1826.

*Phelps,* in support of the motion. The plaintiff having declared for a trespass upon his freehold, and laid the seduction by way of aggravation, cannot recover for the matter of aggravation, if he fail in substantiating the principal trespass.---*Bennett* vs. *Alcot,* 2 *T. Rep.* 166.---*Taylor* vs. *Cole,* 3 do. 292.---*Gates* vs. *Bailey,* 2 *Wilson,* 313.---*Dye* vs. *Letherdale,* 3 do. 20.

The position, that the action for seduction is properly an action of trespass, will not help the plaintiff, as he has alleged it in this case as a matter of aggravation.---*Auth. Sup.*

Nor would a new assignment vary the case, for to new assign, stating the seduction, would be a departure in pleading.

A new assignment is proper in two cases, viz.

1. When, in consequence of a justification pleaded, the time and place become material, in which case the trespass may be newly assigned, stating the true time and place.

But the replication must support the declaration : and to new assign a trespass of a different character, as to declare for a trespass on the freehold, and reply an assault and battery, would be clearly a departure.

Unless it be, 2dly, when a justification is pleaded and new matter is assigned in reply, which, by rendering the defendant a trespasser *ab initio,* avoids the justification. This is the only case in which acts of a different character from those declared for, may be replied ; and this is allowed upon the ground that the plaintiff, by avoiding the plea, is enabled to recover for the trespass alleged in his declaration.

But, in this case, the defendant, having entered by licence from *the party,* cannot be made a trespasser *ab initio.*

*Addison,*
January,
1827.

Hubbell
*vs.*
Wheeler:

To reply the seduction, would be abandoning the declaration, and setting up a new substantial trespass of a different character.----*Chitty's Pl.* 601, 612, 619.----*Niblet* vs. *Smith,* 4 *T. Rep.* 504.----2 *Saund.* 84, *b. n.* 1.

*Bates,* contra. This is an action of trespass *quare clausum fregit,* brought by the father for the seduction of his daughter. At the time the child was begotten, the daughter lived with the father, and the defendant was also a boarder in the father's family. The defence relied on, was, that the defendant, being a boarder in the house, could not be a trespasser.

But the plaintiff insists,

1. That it does not appear that at *the time* of begetting the child, he entered the house for any purpose connected with boarding---and this ought not to be presumed---and that any licence to enter the house implied from being a boarder, could be only co-extensive with the enjoyment of that right.

2. Assaulting and debauching the daughter is of itself a trespass.---5 *Bos. & Pul.* 475, *Woodard* vs. *Walton.*

Several acts, each in itself constituting a trespass, being all done at one time, are all parts of one and the same trespass.---- *Precedents of Am. Declarations,* 21.---2 *Chit.* 382.---1 *T. Rep.* 479.

The plaintiff, therefore, whether the breaking and entering is a trespass or not, is entitled to recover for the "assaulting and debauching," according to the general rule in actions of tort, which is, that the plaintiff does not fail because he cannot prove all the tortious acts alleged in the declaration.---1 *Chitty,* 258---2 *Ib.* 372, *note e.* 1.

*Chipman,* in reply. The case in 3 *Term Rep.* 292, is founded in the greatest propriety. Where the breaking and entering are justified, the plaintiff cannot recover for any of the subsequent trespasses alleged in his declaration. The reason is, that the plaintiff ought to apprise the defendant of the ground on which he goes, either in his declaration or in his replication. And the question here, is, is the plaintiff bound to apprise the defendant of that upon which he relies, or is he not.

And now, at this term, the following opinion of the Court was delivered by

PRENTISS, J. Notwithstanding the opinion expressed by *Buller,* J. in *Bennett* vs. *Alcot,* 2 *T. Rep.* 167, that case is the appropriate action for the injury of seduction, it is well settled, and we think correctly, too, that trespass is the proper remedy. "If the injury of seduction," said that learned judge, "is accompanied with an illegal entry of the house of the parent, he has his election, either to bring trespass for the breaking and entering, and lay the debauching of the daughter, and loss of her service, as consequential damages, or he may bring an action on the case for debauching the daughter, *per quod servitium amisit.*" But, in *Woodward* vs. *Walton,* 5 *Bos. & Pul.* 476, it was solemnly decided, on a review of all the cases, both ancient and modern, that the action is an action of trespass, and not

*Addison,*
January,
1827.

*Hubboll
vs.
Wheeler.*

trespass on the case; and it was held, on a motion in arrest of judgment, that a count for breaking and entering the plaintiff's dwelling-house, and debauching his daughter, whereby he lost her service, may be joined with a count, omitting the trespass to the dwelling-house, and merely stating, that the defendant, with force and arms, debauched the plaintiff's daughter, *per quod servitium amisit.* Considering the injury of seduction, then, as of itself a substantive ground for an action of trespass, the question in the case before us, is, whether the plaintiff, the declaration being for breaking and entering his house, and debauching his daughter, by which he lost her service, can recover a satisfaction for the latter injury, the defendant having pleaded the general issue, and, under notice given of a justification of the breaking and entering, proved a licence from the plaintiff.

It appears, from the authorities, that on a declaration in this form, the breaking and entering of the house is to be regarded as the gist of the action, and the seduction of the daughter as matter of aggravation only; and as it is a rule in pleading, that where any thing is inserted in the declaration as matter of aggravation, the plea need not answer or justify it; a plea justifying the breaking and entering would be a sufficient answer to the whole declaration. (*Dye* vs. *Leatherdale,* 3 *Wilson,* 20.—1 *Saund.* 28, *n.* 3.) The case of *Taylor* vs. *Cole,* 3 *T. Rep.* 297, is an authority to this effect, and a full and clear illustration of the rule. That was an action of trespass for breaking and entering the plaintiff's house, and expelling him therefrom. The defendant, who was sheriff, justified the breaking and entering under a writ; and it was held, that the breaking and entering was the gist of the action, that the expulsion was matter of aggravation only, and that the plea, having answered the gist of the action, covered the whole declaration. But, although the breaking and entering of the house is the gist of the action, and a plea justifying that alone will be a sufficient answer to the declaration, yet it was admitted in *Taylor* vs. *Cole,* that the plaintiff, in such case, might take advantage of the expulsion, by a replication in the nature of a new assignment, and in that way, by making the defendant a trespasser *ab initio,* recover both for the breaking and entering and the expulsion. That was the case of an abuse of an authority given by law; and as it is a clear principle, that where a man abuses an authority or licence which the law gives him, he becomes a trespasser *ab initio,* the plaintiff may, if the defendant pleads such licence or authority, reply the abuse, and thus make him a trespasser *ab initio.* Yet, in such case, in order to recover a compensation for the act of abuse, as well as for the previous trespass, it seems that a mere replication of the abuse would not alone be sufficient. As a replication only states matter which entitles the plaintiff to his action for the same trespass mentioned in, and attempted to be justified by the plea, its only effect is to invalidate the plea, and make the defendant a trespasser *ab ini-*

*tio.* If the plaintiff, therefore, relies upon the abuse as a distinct injury, and would recover a satisfaction for it as such, in addition to the trespass pleaded to, he must not only reply the abuse, but also new assign it. (*Hammond's N. P.* 127.)

Bat a distinction is taken, between an authority or licence given by the law, and an authority or licence given by the party. Where the authority or licence to enter is given by the party, as in the case before us, although the person to whom the authority is given, may, by the commission of subsequent acts, be a trespasser, yet such subsequent acts will not affect the original entry, so as to make that which was sanctioned by the authority of the party complaining, a trespass. (*The Six Carpenters' case,* 8 *Co.* 146.) In such case, although the matter in aggravation or excess cannot be replied, so as to make the defendant a trespasser *ab initio,* yet it may be new assigned, and relied upon as a distinct substantive trespass. Thus, in an action for breaking and entering the plaintiff's house or land, felling his trees, or taking away his goods, if the defendant pleads a licence, which was confined to some particular act, and the defendant exceeded it, the plaintiff must state the excess in a new assignment. (1 *Saund.* 300, *n.* 6.---1 *Chit. Pl.* 606.) In *Dicham* vs. *Bond,* 3 *Campb. Cas.* 524, which was an action of trespass for breaking and entering the plaintiff's dwelling-house, making a great noise and disturbance therein, and assaulting and beating him and his servant, the defendant pleaded to the breaking and entering of the house, a licence, to which the plaintiff replied *de injuria* generally. On the trial, it was insisted, for the defendant, that he was entitled to a verdict on the plea of licence ; for although he had been guilty of some excess, that could not be taken advantage of, for want of a new assignment. On the other side, it was contended, that, admitting the licence, the defendant, by his subsequent conduct, had made himself a trespasser *ab initio.* But *Lord Ellenborough* held, that the plaintiff was bound to new assign. "The distinction," he said, "was taken in the *Six Carpenters' case,* between a licence given by the party, and a licence given by the law. If the defendant exceeds the latter, as by committing a trespass in an inn, he is a trespasser *ab initio ;* but an excess of the former must be taken advantage of by a new assignment." The principle seems to be, that where the matter alleged in the declaration, as in such case, will admit of two constructions, either that it was inserted in aggravation merely, or that the intention was to recover a compensation for it as a distinct injury, the defendant is at liberty by his plea to treat it as of the former description only ; and if he does so, when the plaintiff's meaning was to change and insist upon it as the latter, he must new assign it, and correct the mistake. Thus, it is said, if the declaration is for entering the plaintiff's house, and expelling him, and the defendant pleads leave and licence to the entry, and gives no answer to the expulsion, the plaintiff should new assign, that he brought his action not alone for the entry, but likewise for the expulsion. (*Hammond's N. P.* 127.)

*Addison,*
January,
1827.

Hubbell
*vs.*
Wheeler.

*Addison,*
January,
1827.

Hubbell
*vs.*
Wheeler.

There can be no doubt, then, that if the defendant in the present case had pleaded the licence to enter the house, specially and in bar, the plaintiff might have new assigned the debauching of the daughter, and recovered for that as a distinct substantive trespass; and can the defendant, by pleading the general issue, with notice of the licence, deprive the plaintiff of the matter proper for a new assignment? In *Alsop* vs. *Price, Doug.* 160, it was held, that a plea in that form opened the whole merits of the question on both sides. It was said, that whenever, by an act of parliament, a defendant is permitted to plead generally, and give the special matter of his defence in evidence, the principle is reciprocal, and the plaintiff may also give all special matter in evidence, which tends to support his demand. The plea concluding to the country, it is impossible for the plaintiff to reply the special matter, and so put it on the record; and, therefore, the only method in which he can show the special matter, is by giving it in evidence. As the defendant, instead of pleading specially in bar, gave notice that he should justify the entry of the house by proof of a licence under the general issue, the plaintiff was entitled to avail himself of the trespass in debauching the daughter, under that issue, the same as he might have done by a new assignment, if the defendant had pleaded the licence in form.

Judgment for the plaintiff.

After the opinion was pronounced, *Bates*, for the plaintiff, moved the Court to order a certificate of record that the trespass was wilful and malicious; with a view to prevent the defendant from availing himself of the benefit of the poor debtor's oath.

The Court having taken time to consider the question involved in the motion of Mr. *Bates*, at a subsequent day in the term, expressed their opinion, that the certificate ought to be allowed.