# ESSEX COUNTY.

## MARCH TERM, 1840.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" JACOB COLLAMER, } *Assistant Justices.*
" ISAAC F. REDFIELD,

SAMUEL MOORE *v.* THE ADMINISTRATOR OF ALZO RICH.

A witness, who has no interest in a contract when made, and who was discharged of all interest at the time of hearing, is admissible, notwithstanding he may have been a part owner of the contract shortly after it was made and up to the day of the trial.

THIS is an appeal from commissioners of insolvency on the estate of Alzo Rich. The declaration was upon a contract for the conveyance of land. On the trial in the county court the plaintiff read the contract described in his declaration without objection. He then offered one Roswell M. Richardson as a witness, who was objected to on the ground of interest and incompetency. It appeared that, at the time the contract in dispute originated, the said Richardson had no interest in it, but a few days subsequently became equally interested with the plaintiff and continued so interested until the day of the trial before the commissioners, but, before the

Essex,
March,
1840.

Moore
v.
Administrator
of Rich.

trial, sold all his interest to one Wilson. The sale was absolute and unconditional, but Richardson's object in the sale was to become a witness in the suit and that was the expectation of the person to whom he sold. The county court excluded the witness. Whereupon the plaintiff became nonsuit with leave to move the supreme court to set the nonsuit aside, for which purpose exceptions were allowed.

*J. S. Wells,* for plaintiff, cited *Radburne* v. *Morris,* 1 Moore & Payne's R. 648. 4 Bingham's R. 649. 3 C. & P. R. 254. Harrison's Dig. 2, 1047. *Baxter et al.* v. *Rodman,* 3 Pick. R. 435. *Willing et al.* v. *Consequa,* 1 Peters' R. 307. *Morgan v. Plumb,* 9 Wend. 287.

———, for defendant, cited *Jarvis* v. *Barker's* Adm. 3 Vt. R. 445. *Ontario Bank* v. *Worthington,* 12 Wend. R. 593.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The only question presented is, whether Richardson was properly rejected as a witness. He was no party to the contract when it was made, and had then no interest in it. He became interested afterwards and continued so to the day of the trial. The general rule, as to the admissibility of witnesses, is correctly laid down in the authorities cited by the plaintiff's counsel, and the witness offered was admissible within that rule. The case of *Walton* v. *Shelley,* 1 T. R. 296, added a further disqualification, but this was confined to parties to negotiable intruments. Except in that case, I know of none where witnesses have been rejected on the score of public policy. The idea of rejecting a witness on that account was repudiated in the case of the administrator of *Seymour* v. *Beach et al.* 4 Vt. R. 493. The witness offered, stood in the same situation of all interested witnesses to whom a release is executed, or who executes one themselves. He was discharged of all legal interest, in the subject in controversy, and no objection was taken to the form or substance of the assignment, by which this was effected. In the case of *Jarvis* v. *Barker's* adm'r., the person offered as a witness was excluded as being in interest. No discharge was produced from Jarvis, and the witness was bound to indemnify him against the cost of the action in which he proposed to testify. Public policy requires us to adhere to the principles of the law in relation to witnesses and

Essex,
March,
1840.

Moore
v.
Administrator
of Rich.

not adopt a new rule, which must be very uncertain if not unjust in its application, as it is not at all times easy to determine what public policy requires. The judgment of the county court is therefore reversed.