## SAMUEL BLAKE *v.* DANIEL BUCHANAN.

Where a promissory note was assigned to a firm, as collateral security for a debt due to the firm from the payee, and, upon the trial of a suit instituted by the firm, in the name of the payee, upon the note, one member of the firm executed to his co-partners an assignment of all his interest in the note, or suit, and in the debt due to the firm from the payee of the note, and his co-partners thereupon released him from all liability for costs, &c., in the suit, it was held, that he was thereby rendered a competent witness on the part of the plaintiff.

After a promissory note, not negotiable, has been assigned by the payee to his creditor, as collateral security for a debt, and the maker of the note has had notice of the assignment and acknowledged the note to be due and promised to pay it to the assignee, he cannot pay the note to the payee, or receive any release from him, which will operate to defeat the equitable interest of the assignee.

When a suit, in which the general issue has been pleaded, is referred under a rule of court, the defendant cannot, upon the trial before the referee, avail himself of that, which is mere matter of offset.

But the equitable interest of the assignee of a promissory note, not negotiable, which was assigned as collateral security merely, extends only to the amount of the debt, for the security of which it was assigned, and not to costs, which have accrued in a suit subsequently commenced thereon; and in a suit by the assignee, in the name of the payee, against the maker, the defendant, as to the amount beyond the equitable interest of the assignee, may avail himself of a release, obtained by him from the payee subsequent to the assignment.

ASSUMPSIT upon a promissory note for $121,46, not negotiable. Plea, the general issue. The suit was referred under a rule from the county court, and the referee reported the facts substantially as follows.

The plaintiff gave in evidence the note declared upon, the execution of which was conceded ; and the defendant then produced a release of the note, executed by the plaintiff. The counsel for the plaintiff then claimed, that the note was the property of Cobb, Rollins & Co., that it was assigned to them by Blake, the payee, in September, 1842, which was previous to the execution of the release produced by the defendant, and that the defendant was then notified of the assignment and promised to pay to them the amount due upon the note, and offered to prove these facts by Cobb,—one of the firm of Cobb, Rollins & Co., to whose admission as a witness the defendant objected. Cobb then executed to his copartners an assignment of all his interest in the note and suit, and in the debt due to the firm from Blake, for the security of which the note was assigned to the firm, and the other members of the firm executed to Cobb a release from all liability for the costs &c. of this suit. The defendant still objected to the witness, but the objection was overruled, and the referee found, from the testimony of Cobb, that in September, 1842, Blake, being indebted to the firm in the sum of $112, assigned and delivered to them this note as security for his indebtedness, and that as early as November, 1842, the defendant was notified by the firm of this assignment, and then acknowledged, that the note was due, and promised to pay it to the firm ;—but the referee reported, that if Cobb was not properly admitted as a witness,—which question was submitted to the court,— then he did not find this acknowledgment and promise proved. The referee farther reported, that he found, from other testimony, that the note was in fact assigned to the firm, in September, 1842, for the purpose above stated, and that the defendant, on the fifth day of December, 1842, was notified by the firm of the assignment, and then informed the assignees, that nothing had been paid upon the note, that he had some contingent claim to apply against the note, and that he made the note not negotiable, intending it as security for that contingency,—which contingency depended upon the fulfil- ment of some contract between Blake and the defendant in refer-

ence to land,—but that he was willing to pay the whole of the note to the firm, if Blake should fulfil that contract. It also appeared, that the defendant then informed the firm, that about fifty dollars depended upon that contingency, but did not then say to them, that he should decline paying to them the residue of the note. It appeared, that Blake had executed to the defendant a deed of certain land, and at the same time executed to the defendant a contract to procure for him the title to about twelve acres of land adjoining the land conveyed by the deed, to the possession of which the father of Blake was entitled during his life, and that the note in suit and other notes, amounting in all to about five hundred dollars, were at that time executed by the defendant to Blake for the deed and contract. The defendant took possession of the premises, under the deed and contract, by consent of the plaintiff's father, and occupied them about two years, and made some improvements upon the land, when a difficulty arose between the plaintiff's father and the defendant in reference to the possession, and the defendant was forbid to work upon the twelve acres; and about the time of this difficulty Blake and the defendant concluded to rescind, and did rescind, the whole trade, and Blake surrendered to the defendant his notes, and executed to him the release above mentioned, intending thereby to discharge the note now in suit, and paid the defendant for the improvements, which he had made upon the premises, and the defendant surrendered the land and the possession of it. The contract above named was in writing, and was surrendered by the defendant to Blake to be cancelled, when the trade in reference to the land was rescinded. A question was made in reference to the competency, or sufficiency, of evidence of the admissions of Blake, to prove the loss and contents of the written contract,—the referee reporting, that, if such evidence were improperly received by him, he was unable to find, that the paper was lost, or its contents. This suit was instituted by Cobb, Rollins & Co., and was prosecuted by the other members of that firm, after the release of Cobb, for their own benefit. It farther appeared, that Cobb, Rollins & Co. commenced a suit against Blake in Canada, in January, 1845, upon the debt for $112,00, above mentioned, and obtained a judgment thereon, which, with the costs, amounted to $200,00, and it did not appear, that Blake had paid any part of it, or that Cobb, Rollins &

Blake *v.* Buchanan.

Co. had any security for their demand, except the note now in suit. The referee reported, that the amount due upon the note was $182,25 ; that the amount, deducting $50,00 mentioned by the defendant December 5, 1842, was $108,22; and that the amount due upon the claim in favor of Cobb, Rollins & Co. against Blake, exclusive of the costs of the suit in Canada, was $157,36.

The county court, June Term, 1849,—POLAND, J., presiding,— accepted the report and rendered judgment thereon for the plaintiff, for $157,36.   Exceptions by defendant.

———— for defendant.

*C. W. Prentiss,* for plaintiff, cited *Cummings et al.* v. *Fullam,* 13 Vt. 434, *Strong* v. *Strong,* 2 Aik. 373, *Weeks* v. *Hunt,* 6 Vt. 15, *Campbell* v. *Day,* 16 Vt. 558, *Stiles* v. *Farrar,* 18 Vt. 444, *Warner* v. *McGary,* 4 Vt. 507, *Bullard* v. *Billings,* 2 Vt. 309, *Hines et al.* v. *Soule,* 14 Vt. 99, *Washburn et al.* v. *Ramsdell,* 17 Vt. 299, and *Sargeant* v. *Sargeant,* 18 Vt. 371.

The opinion of the court was delivered by

POLAND, J.   The first question in this case is as to the admissibility of Cobb as a witness.  He was a member of the firm of Cobb, Rollins & Co., to whom the note, upon which the suit was founded, had been assigned by the plaintiff, and for whose benefit the suit was brought and prosecuted.   We do not discover any reason, why the releases, from Cobb to the other members of the firm, of all his interest in the note, or suit, and of the debt of the firm against the plaintiff, which the note was assigned to secure, and their release to him, did not discharge him from all legal interest in the suit and render him a competent witness.   This very question seems to have been directly decided by this court in the case of *Moore* v. *Adm'r of Rich,* 12 Vt. 563.

Cobb being admissible as a witness, the referee reports, that he finds, that the plaintiff, in September, 1842, assigned the note to the firm of Cobb, Rollins & Co., to secure a debt due to them from himself for the sum of $112, and that notice was soon after given of such assignment by Cobb, Rollins & Co. to the defendant, who acknowledged the note to be due and promised to pay the note to

them. After this notice of the assignment of the note to Cobb, Rollins & Co., and of their equitable interest in the note, the defendant could not pay the note to Blake, or take any discharge, or release, from him, which would operate to defeat the interest, which Cobb, Rollins & Co. had acquired in the note. This principle has been so long and so well settled, that authorities need not be quoted to sustain it.

The notes given by the defendant to the plaintiff were supported by a sufficient consideration, viz., the conveyance of the land and the contract to convey, and there was no such partial failure of consideration, as would have enabled the defendant to set it up as a defence, either in whole or in part, to an action upon the notes, under the plea of the general issue. It does not distinctly appear, that the written contract in relation to the land had ever been broken at all by the plaintiff; but if it had been, the only mode of making it available as a defence was by pleading it in offset, as a distinct claim against the plaintiff. Whether this could have been done by the defendant, after notice that the note had been assigned and a promise on his part to pay it to the assignee, may well admit of doubt; but it is not necessary now to decide that question. In this case the general issue alone was pleaded by the defendant, which would exclude this defence, even if the suit had been for the benefit of Blake, the party of record.

The discharge from Blake to the defendant of this note, long after notice of its assignment to Cobb, Rollins & Co. and the defendant's promise to pay it to them, was a clear fraud upon their equitable right in the note, and, upon the plainest principles of law and common honesty and justice, could not be set up and made available to bar a recovery for their benefit, to the extent of their interest under the assignment.

The note being assigned by the plaintiff to Cobb, Rollins & Co., to secure a debt of $112 only, the balance of the note remained the property of Blake, and to that extent we think he might settle or discharge it. The subsequent increase of the debt of Cobb, Rollins & Co. against the plaintiff, by the costs of a suit against him to enforce the collection of it, did not give them any greater interest in the note against the defendant, than they took by virtue of the original assignment; and therefore the discharge from the plaintiff to

the defendant would be operative as a defence to the balance of the note, above the amount of the debt, which it was assigned to Cobb, Rollins & Co. to secure.

These views render it unnecessary for us to examine the remaining questions submitted by the referee in his report. The judgment below, having been in accordance with the views above expressed, is affirmed.