HON. ASAHEL PECK,
HON. WILLIAM C. WILSON, } ASSISTANT JUDGES.
HON. JOHN PROUT,

---

### EDWIN L. GROUT *v.* HENRY KNAPP.

*Pleading. Trespass. New Assignment.*

In trespass, *quare clausum fregit,* the declaration alleged the breaking and entering, &c., and the destruction of the plaintiff's fence and gate, &c., with a *continuando.* *Held,* that the destruction of the fence and gate was not of the gist of the action, but matter of aggravation merely. Therefore the defendant's plea was held good on general demurrer, in which he pleaded in defence a public right of way, and that having occasion to use it, when, &c., he entered the *locus in quo* for that purpose, which were the trespasses mentioned, &c., without referring to the fence and gate.

As the declaration admitted of the construction, either that the matter unanswered by the plea was insisted and relied upon as aggravating the damages merely, or that it was relied upon by the plaintiff as a distinct injury, and that he intended to recover for it, the defendant was at liberty to treat it as of the former character only, and having done so, the plaintiff, to avail himself of the latter construction, should have brought such matter forward by new assignment.

THIS is an action of trespass, *quare clausum fregit*, to which the defendant pleaded specially, and the plaintiff demurred. The court, at the September Term, 1867, BARRETT, J., presiding, overruled the demurrer, adjudged the plea sufficient, and rendered judgment for the defendant,—to which the plaintiff excepted.

DECLARATION. "In a plea of trespass for that the defendant heretofore, to wit: On the 1st day of May, A. D. 1865, and on divers other days and times between said day and the commencement of this suit, with force and arms broke and entered the plaintiff's close in said Stratton, and threw down, laid open, broke and destroyed a certain gate belonging to the plaintiff, and broke, threw down and destroyed one rod of fence belonging to the plaintiff, all of the value of twenty dollars, and let out the cattle of the plaintiff then pasturing therein, whereby the plaintiff was put to great trouble and expense in finding and returning said cattle to his said close, and in paying damages and expenses of keeping said cattle by reason of said trespass, and other damage to the plaintiff, the defendant then and there did against the peace, &c."

PLEA. "And now the said defendant, by leave of court first had and obtained, to plead anew, comes, when, where, &c., and defends the force and injury, and says that the plaintiff ought not to have and maintain his aforesaid action thereof against him, because he says that as to the entering of the close of the plaintiff, *and breaking and destroying one rod of the fence of the plaintiff, and letting out the cattle of the plaintiff, there depasturing in said close*, above supposed to have been done by the defendant, he, the said defendant, says, that before and at the said several times, when, &c., in said declaration mentioned, there was, and of right ought to have been, a public highway into, through and along said close, in which all persons with their teams and carriages might lawfully travel at all times of the year at their free will and pleasure. Wherefore the defendant, having occasion to use said highway at the several times, when, &c., in said declaration mentioned, went and passed over and along said highway on foot, in carriages and with cattle, using said highway, as he lawfully might, for the cause aforesaid, which are the trespasses in the introductory part of this plea mentioned, and of which the

Grout *v.* Knapp.

plaintiff hath complained against him, and this he is ready to verify; wherefore he prays judgment if the plaintiff ought to have and maintain his aforesaid action against him, and for his costs."

*H. H. Wheeler,* for the plaintiff.

The plea professes to answer the whole declaration, but leaves the destruction of the gate and fence wholly unanswered. The existence of the highway would justify entering to pass along the highway, but not the destruction of the gate and fence. These are not matters of aggravation merely, but are of the gist of the action and should have been answered. 1 Chitty's Pl. 375, 22 Vt. 317; *Hathaway v. Rice,* 19 Vt. 102.

The gate and fence were a part of the freehold, and their destruction alone would support an action of trespass to the freeholder. *Skinner* v. *Wilder,* 38 Vt. 115; Brayton, 230; *Sprigg* v. *Neal,* 3 Lev. 92, S. C.; 5 Bac. Ab. 407.

In this action the whole injury to the freehold itself is of the gist of the action, and must be answered, while injuries accompanying the injury to the freehold, but not affecting the freehold itself, are matters of aggravation, and need not be answered. *Manchester* v. *Vale,* 1 Saund. 34; *Thornell* v. *Lasells,* Cro. Jac. 27; Case *arguendo,* 1 H. Bl. 560; Royce, Ch. J., 19 Vt. 107.

The same principle is recognized and applied in other forms of the action of trespass. In trespass to the person, the whole injury to the person is of the gist of the action, and must be answered, and in trespass *de bonis* the whole injury to the goods is of the gist of the action and must be answered. *Hathaway* v. *Rice,* 19 Vt. 102; Cro. Car. 228.

*A. Stoddard,* for the defendant.

The plea justifies the breaking and entry of the close. That being the *gist* of the action the plea is sufficient. Gould's Pl. ch. 6, § 110 and note; 1 Chitty's Pl. pp. 175, 524, 597; *Ib.* p. 30; *Gundry* v. *Start,* 1 T. 392; *Brown* v. *Manter,* 2 Foster, (N. H.,) 468; *Hubbell* v. *Wheeler,* 2 Aik. 359; *Hathaway* v. *Rice,* 19 Vt. 106–7; *Sampson* v. *Henry,* 13 Pick. 36; *Ropps* v. *Barker,* 4 Pick. 239.

When the general issue is pleaded to such a declaration, and a special plea justifying the entry, and verdict be for the plaintiff on the general issue, and for the defendant on the special plea, judgment must be for the defendant. *Moraprivatt* v. *Smith,* 2 Camp. (Smith's L. C.) 209 ; *Wilson* v. *Seavey,* 38 Vt. 228.

In the case at bar the defendant could not tell whether the plaintiff intended to dispute the right of entry or not; whether he claimed damages for the injury to the possession, or for the gate and fence. It was his right, therefore, to treat the injury to the gate and fence as aggravation, and compel the plaintiff to new assign.

The declaration as to the *gate* and *one rod* of fence is bad. The *certain gate* and *rod of fence* could be destroyed at once. The declaration avers the destruction on the first day of May, and on divers other days and times. Gould's Pl. Ch. § 86 *et seq.*

The opinion of the court was delivered by

PROUT, J. This is an action *quare clausum fregit,* the plaintiff's declaration, alleging the breaking and entering of the plaintiff's close by the defendant, to have been on the 1st day of May, A. D. 1865, and on divers other days and times between that day and the commencement of the suit, and the destruction of the plaintiff's fence and gate, with formal averments appropriate to that form of action. The defendant pleaded in defence, a public right of way, and that, having occasion to use it, when, &c., he entered the *locus in quo* for that purpose, which, he alleges in his plea, are the same trespasses of which the plaintiff complains in his declaration. To this plea, the plaintiff demurred generally, and on the argument insists, that although the plea justifies the breaking and entering, it does not the destruction of the gate and fence ; and he also insists, which is only another form of stating the legal proposition upon which he relies, that the destruction of the gate and fence is not matter of aggravation, but is of the gist of the action, and should have been answered.

The plea in its introductory averment, refers only to the breaking and entering of the plaintiff's close, throwing down and destroying the fence and letting out the plaintiff's cattle, &c., making no refer-

ence to the alleged destruction of the gate.  Technically it does not commence as an answer to a part of the declaration, as it makes no exception as to any cause of action declared upon.  It may be regarded, therefore, as a plea to the whole declaration, and, in that view, it was unnecessary to enumerate and specify the several acts of trespass, of which the plaintiff complains, much less any act or matter of aggravation.  And if it only partially enumerates in its commencement the several supposed causes of action, but alleges facts, which, if true, are, in law, a justification of all that is of the gist of the action, the plea is not bad on general demurrer for that cause. But, in the other view, if we regard the allegation in the declaration as to the destruction of the gate, which is not referred to in terms by the plea, as of the gist of the action, and construe the plea as an answer to only a part of the declaration, the plaintiff should not have demurred, but should have taken judgment by *nil dicit* for so much as was not answered by the plea.  *Woodward* v. *Robinson*, 1 Strange, 302 ; 1 Saund. R. 28, note 3 ; 3 Chitty's Pl. 1116, note x.

But, however this may be, we think (and we dispose of the case upon this ground) that the destruction of the gate and fence is not of the gist of the action, but matter of aggravation merely.  *Chamberlin* v. *Greenfield*, 3 Wil. 292.  It is true they may be a part of the freehold, yet this form of action could not be maintained to recover damages for their destruction solely, without regard to the technical allegations distinguishing it from trespass *de bonis asportatis*.  Proof of the plaintiff's possession of the close, and the defendant's unlawful entry is essential.  Both must be alleged in the declaration, and it is upon this distinction that the two actions, although of the same general nature, are distinguished.  As to what damages the plaintiff may recover, or of what elements they consist, is entirely a distinct question.  No doubt a party's right to recover, under an appropriate declaration in this form of action, sustained by competent proof, extends to the whole injury, including acts of aggravation connected with, and which accompany the principal trespass declared upon.  Trees, as well as a gate or fence, are a part of the freehold, yet their spoliation or destruction may be laid in a declaration *quare clausum fregit*, as aggravating the damages, and a recovery

had for their value, or to the extent of the injury done them. This view is consistent, as it seems to us, with *Hubbell* v. *Wheeler*, 2 Aik. 359, where it is expressly held that on a declaration *quare clausum fregit*, the breaking and entry is to be regarded as the gist of the action, and that where any matter is inserted in it, which is not the foundation of the party's right to recover, but is matter of aggravation, it may be considered as enhancing the damages, and the plea need not answer it. If the plea justifies the breaking and entering, it is a sufficient answer to the whole declaration. *Anderson* v. *Buckton*, 1 Strange, 192; Sedgwick on Damages, 139; *Goodrich* v. *Judivine*, decided at the Caledonia county August Term, 1867.

But the question is susceptible of another view. The declaration in this case will admit of the construction, either that the matter unanswered by the plea was insisted and relied upon as aggravating the damages merely, or that it was relied upon by the plaintiff as a distinct injury, and that he intended to recover for it. If there is any reasonable doubt as to the construction of the declaration in this particular, the defendant was at liberty to treat it as of the former character, and having done so, conceding that the plaintiff's meaning was to insist upon the latter construction, and intended to avail himself of such injury, he should have brought it forward by a new assignment. *Hubbell* v. *Wheeler*, *supra*. This seems to conform with the principle laid down by Chitty, (Vol. 1, 597,) who says : " when the plaintiff cannot deny the plea, and only insists that the defendant trespassed out of the way, or was guilty of unnecessary damage in removing an obstruction, or actually converted the materials to his own use, the plaintiff should not deny the right of way, but new assign, *extra viam*, &c." *Welch* v. *Nash*, 8 East, 394; 2 Selwyn's N. P. 1350.

The result is, the judgment of the county court is affirmed, unless the defendant desires to withdraw his plea, and plead anew on the ordinary terms. In that event the judgment of the county court is, *pro forma*, reversed, and cause remanded.