## MOSES E. HOWARD v. LORENZO BLACK.

### Trespass. Reference.

Where in an action of trespass *q. c. f.* the declaration alleged, in aggravation of damages, that the defendant tore down and carried away the plaintiff's fence thereon, and the case was referred to, and tried by, referees, upon the general issue, and it turned out that the defendant did tear down the fence, and in so doing unnecessarily broke and injured it, but the same was on the defendant's land, having been built there by the plaintiff, it was *held* that the plaintiff was not entitled to recover.

On a reference an action may be heard and tried by the referee upon any state of pleading applicable and appropriate to the case; but in this case the *locus in quo* being found in the defendant, no defense could be made in the nature of a justification of the defendant's entry of the plaintiff's close, which would open the case to the plaintiff for any claim he might make under a new assignment.

TRESPASS *Quare Clausum Fregit.* The case was referred by the court, by agreement of parties, to referees, " to establish the lines between the parties, stake the same, and report the facts to the court," and was heard by the county court on the special report of the referees, on which report the court rendered judgment for the defendant, and made a special order as to the division of costs (as appears by the docket minutes,) between this suit and case of Black against Howard, decided at this March term, 1869, PECK, J., presiding. To the decision of the court the plaintiff excepted.

The referees reported " That, pursuant to notice, we met the parties and their counsel on the 13th day of October, A. D. 1868, and heard them and their witnesses, and proceeded to examine, and did examine the premises in controversy, and did survey the lines in dispute, and the lines, landmarks and muniments connected therewith, and did ascertain, stake out and establish the lines between the lands of said Black and said Howard, as follows, viz :" [Then follows a description of the lines.]

" In accordance with the request of the plaintiff Howard's counsel, we find the Hon. N. A. Chase made a survey of the lines in question, on or about the 10th day of May, 1867, at the plaintiff's request, and that said Howard did build his fence on the line as set out by Mr. Chase, on the west side of the fifty acre lot, which said line was easterly of the line established by us, and on the

land of the defendant Black, but that in so doing he acted in good faith, believing it to be the true line. And that the line set out by Mr. Chase aforesaid, between the easterly half of the fifteen acre lot, so called, owned and occupied by said Black, and the land of said Howard, was substantially the same line set out and established by us, as aforesaid. But that Howard built his fence south of the true line and on said Black's land, and that in so doing he was knowingly a trespasser. We also find that before the commencement of this suit, to wit: on or about the     day of     , A. D., 1867, the said Black did tear down both of said fences, and that in so doing he unnecessarily broke and injured the same, and that the plaintiff Howard claims to recover damages in this suit for the tearing down of these fences, so erected by the plaintiff after the said survey made by Mr. Chase as aforesaid, and after Mr. Chase had informed him of the lines as set out by him as aforesaid, and we hereby refer to the plaintiff's writ.

" And by like request we find that the damages for the unnecessary injury and breakage of the said fence, by the said Black, was $4\frac{25}{100}$ dollars, but we, in accordance with said request of Howard's counsel, leave the question of the liability of the defendant Black to the court on the facts herein set forth—$2.00 of said damages being for tearing and breaking unnecessarily as aforesaid, the fence on the West side of the fifty acre lot, and $2.25 for the like breaking on the other aforesaid fence. * * * * We also say that we heard this case and the case of *Black* v. *Howard* together, and we find that the whole cost of the said Black was $26.85 at said hearing, and we judge it equitable to divide the same equally between the said suit, *Black* v. *Howard*, and this suit, and therefore allow the same at $13.43, in this hearing; and the plaintiff's cost is taxed and allowed at one half of $22.05 which is $11.03."

The declaration was in common form of trespass *quare clausum fregit*, alleging in aggravation of damages that the defendant "tore down and carried away the plaintiff's fence then and there standing."

*Randall & Durant*, for the plaintiff.

The case finds that the defendant, in removing the fence, did unnecessary damage, and how much. The defendant claims that because the freehold was his he is not liable. The defendant pleaded the general issue only, and hence denied the whole decla-

ration.  Had he pleaded specially, the plaintiff might have new assigned.  Not having done so, a recovery for either cause alleged by plaintiff would be allowed.  *Grant* v. *Knapp*, 40 Vt., 163; *Skinner* v. *Wilder*, 38 Vt., 115; *Hathaway* v. *Rice*, 19 Vt., 102. It is to be observed that it is only in cases where a special plea is interposed that title is any defense to a destruction of property. See cases above referred to.  Should it be said that this case being referred, no special plea was necessary, then we stand in the same way we should had a special plea been interposed and we had new assigned the excess of damage, and hence would be entitled to recover for such excess or unnecessary damage.  *Hubbell* v. *Wheeler*, 2 Aik., 359; *Six Carpenters' case*, 1 Smith's Leading Cases, (216,) page 259 of book.

*Heaton & Reed*, for the defendant.

This was an action of trespass *quare clausum fregit;* the breaking and entering the plaintiff's close being the gist of the action, and the injury to the fence matter of aggravation.  The gist of the action being successfully met and answered by establishing the title to the *locus in quo* in the defendant, the defendant is entitled to a judgment.  *Brown* v. *Manter*, 2 Foster, N. H., 468; *Ropps* v. *Barker*, 4 Pick., 238 ; *Eames* v. *Prentice*, 8 Cush., 337 ; *Knapp* v. *Lambert*, 3 Gray, 377 ; 2 Starkie's Ev., (7th Am. Ed.,) 1115, m. p.; *Taylor* v. *Cole*, 3 Term, 292 ; *Hubbell* v. *Wheeler*, 2 Aik., 359 ; *Grout* v. *Knapp*, 40 Vt., 163 ; *Goodrich* v. *Judevine*, 40 Vt., 190.

This case stands upon the declaration of the plaintiff and the order of reference.  The object of the suits was to determine the true boundary line.  The position of the case as to pleading is the same as though the general issue had been pleaded.  This fence, thus built, became the property of the defendant.

The opinion of the court was delivered by

Prout, J.  This action is trespass *quare clausum fregit*, the pleader alleging, for the purpose of aggravating the damages, that the defendant tore down and carried away the plaintiff's fence

"thereon being or situate." The case went out to a referee by consent of parties, and was tried upon the general issue. No other plea was filed. To maintain his suit the plaintiff must show an unlawful breaking and entry of the plaintiff's close, which is the gist of the action. In *Knapp* v. *Grout*, 40 Vt., 163, and in *Goodrich* v. *Judevine*, reported in the same volume, especially in the latter case, it is held that if the defendant is not guilty of the breaking and entry, he can not be found guilty of the trespass set forth in the declaration in those cases. They are held to be matters of aggravation, and the plea need not answer *that*. 1 Saund., 35, note 2; *Eames* v. *Prentice et al.*, 8 Cush., 337, was an action for breaking and entering the plaintiff's house and taking and carrying his goods therefrom and converting them, and is an authority upon this point, entirely consistent with the views expressed in the cases above cited. In that case the court held " that where the plaintiff counts in trespass *quare clausum fregit*, he can not support his action by proving a trespass in taking and carrying away goods only." It is insisted, however, that as the case was referred, these principles are not decisive. It is true that on a reference the action may be heard and tried by the referee upon any state of pleading applicable and appropriate to the case ; but it is to be observed that in the present case no defense was or could be made upon the facts, in the nature of a *justification* of the defendant's entry of the plaintiff's close, and which would open the case to the plaintiff for any claim he might make under a new assignment. The facts reported preclude it, as the title to the *locus in quo* in question is found to be in the defendant. The case stood for trial and was determined upon that distinct issue. Technically, it is only where the defendant by plea justifies the entry that matters of aggravation can be replied and brought forward and made a sole ground of recovery. I speak of course of the action as standing upon the general issue and the facts reported, which is a complete answer to the gist of the action. If it appeared that the defense involved matter of *justification*, and existed in the evidence, although it was not pleaded, a very different question would have been presented ; but such is not the case.

*Blake* v. *Buchanan*, 22 Vt., 548, presents a view of the subject which has a bearing.

The judgment of the county court is affirmed.