## ANTOINE GREGOIR *vs.* EUGENE LEONARD.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed July 20, 1899.

*Case, When the Proper Remedy.*—The defendant had a right of way over
the premises of the plaintiff upon condition that he should close and put
up the gates and bars after passing. The declaration alleged that the
defendant passing along the right of way threw down, broke and ruined
the bars in a careless and wrongful manner, and left them down so that
the plaintiff's horses and cattle escaped through the open barways and
destroyed his crops. *Held*, that trespass on the case and not trespass
was the proper remedy.

*Case, When the Proper Remedy—The Rule.*—For the careless and negligent
exercise of a lawful right and for the omission of an act which it is the
duty of the defendant to perform, resulting in collateral injury to
another who is entitled to insist upon the proper exercise of such right
or upon the performance of the act omitted, the injured party may
recover in an action on the case.

CASE. Heard on general demurrer to the declaration, at
the December term, 1898, Addison county, *Ross*, C. J.,
presiding. Demurrer overruled and declaration adjudged
sufficient. The defendant excepted.

*W. H. Bliss* for the defendant.

No brief for the plaintiff was filed with the reporter.

WATSON. J. The only contention made by the defendant
upon his general demurrer to the declaration is that if the
plaintiff has any right of action in the premises, it is in
trespass and not in an action on the case.

The allegations in the declaration show a right in the
defendant, his servants, and agents, to pass and repass to
and from the lands owned and occupied by the defendant,
over the described premises of the plaintiff, in and over the

way in question, upon the condition that in so passing over the plaintiff's premises they should keep the gates, bars, and fences, which they shall pass or repass, closed and put up in as good condition as they found them at the time of such passing.

The plaintiff alleges in substance, that at the time in question, he had constructed and maintained good and sufficient bars across the discontinued road near the southerly boundary of his farm, and also about thirty rods south of the north end of the discontinued road on his farm, and that the bars were then in good repair; that it was the duty of the defendant, his servants, and agents, upon passing along the road, in accordance with the conditions of the right of way, "to carefully lower said bars, without injury to them, and to place them up, after passing through;" that to obstruct the plaintiff in the use and enjoyment of his farm, on the days in question, the defendant, with his servants and agents, passed over the discontinued road, along the right of way, and through the bars, and threw them down in a careless and wrongful manner, and broke and ruined them, and, with his servants and agents, passed through and left the bars down and did not put them up, or place any barrier to prevent horses and cattle and other stock from going through the bars and upon the land of the plaintiff; and that cattle and horses did escape through them and upon his farm, trod down grass and grain growing thereon, etc., by means whereof, the plaintiff was damaged in the use and enjoyment of his farm, etc.

The plaintiff was the servient and the defendant the dominant owner of the land covered by the right of way, with a right in the defendant to enter upon and pass over the plaintiff's premises in and over the right of way, and, in so doing, the defendant had a right to take down the bars across the way to enable him to pass through.

The defendant, having the right to enter upon and pass

over the plaintiff's premises in the legitimate use of his easement, in the exercising of that right within its limitations he was not guilty of breaking and entering, and whatsoever was done thereafter being but aggravation of damages, the action of trespass on the freehold will not lie. *Goodrich* v. *Judevine*, 40 Vt. 190; *Grout* v. *Knapp*, 40 Vt. 163; *Howard* v. *Black*, 42 Vt. 258.

The throwing down of the bars by the defendant, his servants, and agents, in a careless and wrongful manner, did not work a forfeiture of the defendant's right in the easement; it was but the careless and negligent exercise of a lawful right, for which trespass will not lie. *Sabin* v. *Vermont Central Railroad Co.*, 25 Vt. 363.

The bars having been let down by the defendant, to pass through, it was his duty, after passing through, to put them up, but his failure so to do, was only the omission of an act which he ought to have performed—a mere *non-feasance*— for which trespass will not lie. *Stone* v. *Knapp*, 29 Vt. 501; *Stoughton* v. *Mott*, 25 Vt. 668; 1 Chit. Pl. 126.

The injuries for which the plaintiff seeks to recover damages, were committed by cattle and horses, which escaped through the bars, left down by the defendant, upon the plaintiff's farm, treading down grass, grain, etc., there growing. Such injuries were not done by the act of throwing down the bars in a careless and wrongful manner, and therefore immediate, but arose after that act was completed, and were more particularly occasioned by the failure of the defendant to put up the bars, after passing through, and were the collateral consequences thereof.

For the careless and negligent exercise of a lawful right and for the omission of an act which it is the duty of a party to perform, resulting in a collateral injury to another, whose relations thereto are such that he may insist upon the proper exercise of such lawful right, and upon the performance of the act omitted, but which ought to have been performed, the party so injured may recover his

consequential damages in an action on the case. That is the proper remedy. 1 Chit. Pl. 133; *Sabin* v. *Vermont Central Railroad Co.*, 25 Vt. 363. No question having been raised, in argument, as to the sufficiency of the declaration if an action on the case is the proper remedy, we express no opinion thereon.

*Judgment affirmed and cause remanded.*