## ROBERT B. BATES *vs.* SOLOMON DOWNER.

The county court should dismiss a suit for want of jurisdiction, where the sum declared for, as a balance on book, and the *ad damnum*, are each one hundred dollars, and no more.

The plaintiff's writ must show, that the court, to which he applies, has jurisdiction of his action : at least, the contrary must not appear.

The plaintiff's testimony must also show his case within the jurisdiction of the court, to which he brings his action.

This was an action on *book account*, and a motion in writing was filed in the county court to dismiss the suit on the ground that the court had no jurisdiction. Evidence that the debit side of the plaintiff's book exceeded one hundred dollars was offered, and rejected. And the question was, whether it was necessary, to sustain the jurisdiction of the court, that the sum demanded in the writ should exceed one hundred dollars. The court decided it was necessary ; and, therefore, rendered judgement that the suit

be dismissed. To which the plaintiff, in the usual form excepted, and the case was reserved for the opinion of this Court.

Addison,
January,
1832.

Bates
vs.
Downer.

*Plaintiff, pro se.*—The question in this case is, whether an *action on book* in the county court must be dismissed for want of jurisdiction, provided the *ad damnum* does not exceed one hundred dollars? I contend the court has jurisdiction, when the debtor side of the book exceeds one hundred dollars, though a less sum is due, and demanded by the plaintiff. Formerly, by a statutory provision, a justice of peace, and not the county court, had jurisdiction, unless the *balance due* exceeded one hundred dollars, whatever might be the amount on either side of the book. While this law was in force, a plaintiff, demanding in the county court less than one hundred dollars, shewed conclusively that the court had no jurisdiction ; because they then had jurisdiction in that class of cases only, in which the sum due exceeded that amount. But when by the late statute jurisdiction was given to the county court whenever the debtor side of the plaintiff's book exceeded one hundred dollars, however small might be the sum due, a writ, demanding less than that, would not of course shew a want of jurisdiction ; because, in a numerous class of cases properly brought to that court, the balance due would be less than one hundred dollars. When the statute placed the jurisdiction upon the debtor side of the book, and not upon the *balance due*, the *balance* demanded ceased of course to be the criterion of jurisdiction : and the court would not dismiss a suit before it appeared by the production of the book, whether it ought to be sustained or not. In such case, why should a larger sum than is due be demanded? There is no provision to that effect in the statute book. Such allegation cannot be proved, nor is it necessary, that there should *in fact* be so much due to give the court a jurisdiction. In some cases, to attach property, or hold the defendant to bail for more than one hundred dollars, when a much less sum was due, might be injurious and oppressive. And, indeed, it would be an absurdity in any code of laws to compel a man, bringing a suit, to make a false allegation, as to the sum due to him, and to demand a larger sum than he wishes to recover. The sum demanded was never conclusive of jurisdiction, independent of the book, under the old statute. When more than one hundred dollars was demanded, in the action on book, if, from the plaintiff's showing on the trial, a less sum was due, the suit would be dismissed.

It is said to have been decided, that, to deprive a defendant of

ADDISON,
January,
1832.

Bates
vs.
Downer.

his right to an appeal from a justice, when the sum in controversy is under ten dollars, it is necessary that the plaintiff should demand less, and that his book also should show less due. That was perhaps correct ; for, having demanded, and holden the defendant to bail for, more than ten dollars, he ought to be estopped from asserting, that a sum to that amount was not in controversy. And, if his book showed that more than ten dollars was actually due, or in controversy, to demand, in his writ, a less sum, would be an attempt to apply the statute to a case, to which it was not intended to apply, and defraud the defendant of his right of appeal. Whereas, in cases like the present, the actual sum due is demanded, and the production of the book shows, that the suit is brought in the proper court. That authority is, therefore, rather in favour, than against the present action. It is unnecessary to remark, that our courts have always given a very liberal construction to statutes in favour of an appeal ; as the case of *Shumway* vs. *Shumway*, *(2 Vt. Rep.* 339,) very clearly proves. While, on the contrary, it has been a long settled rule, with courts of general jurisdiction, to favour, rather than repel, cases involving some doubt as to jurisdiction ; because it is only dismissing, and turning round, parties to begin again.

*Woodbridge, for defendant.*—The defendant contends, that the decision of the county court was correct, on the following grounds :—1. By an act of the legislature of this state, passed November 15, 1821, it is enacted, That every justice of the peace, within his proper sphere of jurisdiction, be, and hereby is, authorized and empowered to hear, try and determine, all pleas and actions of a civil nature, other than actions for slanderous words, false imprisonment, replevin above the sum of seven dollars, trespass on the freehold, and where the title of land is concerned, when the debt or other matter in demand does not exceed one hundred dollars.—*Rev. Stat. Slade's ed. p.* 139. 2. By an act passed November 5, 1801, it is enacted, That the several county courts shall not hear, determine or adjudge, on any action or suit, which is originally made cognisable before a justice of the peace, unless such action or suit shall be entered in such court by appeal.—*Idem. p.* 91. 3. The defendant, therefore, contends, that, by the plaintiff's own showing a justice of the peace had jurisdiction of said cause ; as the plaintiff, in his said declaration, neither claims nor demands a sum greater than one hundred dollars ; and, by the act aforesaid, justices of the peace have jurisdic-

ADDISON,
January,
1832.

Bates
vs.
Downer.

tion to that amount. And, this principle being admitted, the county court could not have jurisdiction over the same cause ; as, by the last recited act, county courts and justices of the peace can have concurrent jurisdiction in no civil cause whatever. And lastly, the defendant contends, that it is perfectly immaterial, whether the debit side of the plaintiff's original book is over one hundred dollars or not ; as the county court cannot travel out of the road to retain jurisdiction, when it plainly appears, on the face of the declaration, that the court have no jurisdiction. At all events, the plaintiff must be bound by his own declaration.

HUTCHINSON, C. J.—This was an action on *book account*, originally commenced before the county court, claiming one hundred dollars to balance book accounts ; and laying the *ad damnum* at $100. And the question now raised is, whether the county court had jurisdiction of such a suit. The plaintiff contends, that he has declared for the balance, as he must do by the statute ; and not the balance, but the debit side of his account, regulates the jurisdiction. This, at first view, derives a plausibility from the circumstance, that the sum declared for as a balance, is the highest sum of which a justice of the peace can take jurisdiction ; and there is a sort of implication, that the sum claimed as a balance, is less than the whole sum charged. This, however, is but inference, and that very slight, when we reflect that the declaration, following the statute form, would be just the same, whether there were credits on the plaintiff's book or not.

The statutes admit of no concurrent jurisdiction in the county courts and justice courts. Justices of the peace have jurisdiction in civil matters, to the amount of one hundred dollars, by express statute. Another statute, by equally plain expressions, prohibits the county courts from taking cognisance of any cause, of which a justice of the peace might take cognisance.

If this suit had been brought before a justice of the peace, no objection to his jurisdiction would appear upon the writ. If, when the plaintiff produced his account, the debit side exceeded one hundred dollars, the justice could take no further jurisdiction of the action. So, if the plaintiff, in his county court writ, had declared for more than one hundred dollars, yet, if the debit side of his account, when produced, did not exceed one hundred dollars, neither the county court, nor the auditors by them appointed, could hold further jurisdiction of the action. The result is, that the plaintiff's writ must be so drawn, as to present a case with-

ADDISON,
*January,*
1832.

Bates
*vs.*
Downer.

in the jurisdiction of the court, before which he brings his action ; and he must keep within that jurisdiction, when he exhibits his testimony.

But the plaintiff is disposed to consider a doctrine inconsistent with propriety, which would require him to insert a falsehood into his writ, in order to give jurisdiction to the only court that can hold jurisdiction over his claim. There is no need of this in the present case, or any one similar. The statute form for this book account action is very ancient ; and later statutes have varied the rights of parties, and the forms should not be considered so literally binding upon suitors, as to exclude any *substantial right,* or any fact necessary to show what court has jurisdiction. If the plaintiff's account, in this case, exceeded one hundred dollars, and a balance of ten dollars, only, was claimed, he must sue at the county court, because the statute is so, and because the defendant has the same right to controvert each item of the plaintiff's account, that he would have if the whole were claimed as due. Yet the plaintiff might declare according to fact : he might declare for a balance of ten dollars, and add, that the debit side of his account exceeds one hundred dollars. Thus the difficulty suggested would be avoided. Moreover, it is not very probable that the plaintiff claims that the exact sum declared for, is due to him ; but he has used such a round number as seemed convenient. If this was the case, adding another dollar, and thereby removing all doubt about the jurisdiction of the court, could not have involved very serious scruples of conscience. In conclusion, the county court had no jurisdiction of this action ; and their judgement of dismissal must be affirmed.