## COTTON FLETCHER v. MORTON COLE.

[DECIDED DECEMBER TERM, 1852.]

*Attachment. Evidence. Charge to the Jury, &c.*

Where an officer attached and removed a quantity of lumber, and in his return, as regarded the lumber, set forth that, "also on the same 4th day of September, 1847, I attached about 6000 feet of pine lumber," &c.; *it was held*, after judgment in the suit upon which the lumber was attached, that the return, with such reasonable intendments, as the court is bound to make, must be regarded as sufficient to create a *lien*, though the return might not have been good upon a plea in abatement.

And where it appeared that the lumber so attached, was in a mill yard, which belonged to a third person, and that the officer, upon making the attachment, moved the lumber from one to four rods; this removal was held sufficient to constitute an attachment, or to make the officer liable to the debtor for the property, after the creditor's *lien* was gone.

If it appear that the charge of the court below to the jury, under the state of evidence, was all that was important to a correct understanding of the law applicable to the facts, this court will not reverse the judgment, even where there is technical error, if such error had no direct bearing upon the case.

A witness, who was discharged of all interest, at the time of the hearing, is admissible, notwithstanding that he was directly interested up to the time of trial, and that the discharge was made with the expectation of his becoming a witness. *Moore* v. *Rich*, 12 Vt. 563.

One *tort feasor* may always recover against a subsequent *tort feasor*, who shows no right whatever.

Fletcher *v.* Cole.

The assignment of the property attached, by the debtor to the creditor, in discharge of his judgment, will not defeat the liability of the officer for the property, and being liable over, he will recover the full amount of one who wrongfully takes the property.

TRESPASS for a lot of pine boards. Plea, the general issue, and trial by jury.

On trial the plaintiff offered in evidence a copy of an attachment, and judgment, and execution thereon, issued by the Chittenden County Court, September Term, 1848, in favor of Edwards & White, against one Myers.

The plaintiff also offered evidence tending to prove that he was in November, 1848, constable of Colchester; that plaintiff attached the lumber in September 1847, and that after he had so attached it, the defendant sold the same to one Ford, who took the lumber, and converted it to his own use.

It also appeared on trial, that the lumber had been owned by the defendant; that he drew the logs into the mill at Winooski Falls in March, 1847, which was then carried on by one Travesy, and that the logs were sawed out by him.

The question raised was, whether the boards had been sold and delivered to Myers by the defendant, Cole, so as to subject them to attachment as the property of said Myers; and whether said Fletcher, the plaintiff, had made a valid attachment of the same.

The plaintiff offered testimony tending to show, that after he had attached the lumber, he procured it to be removed to another place in the same mill-yard, from one to four rods from where it lay when attached. That in March, 1847, the defendant and said Myers went to the saw mill where the logs lay, and selected certain logs, out of which said Myers was to have some lumber, and that a chalk mark was put upon the logs; and that they then agreed, that Myers should have the lumber sawed from those logs, at the mill measure, at $19 per thousand, and defendant directed the sawyer to saw said logs as Myers should direct, at his, defendant's expense.

The defendant offered testimony tending to prove that he told said Myers, at the time they were at said mill, that the lumber should not be delivered to him unless he paid for it. It also appeared, that the lumber was sawed out by Travesy, as defendant had directed, about the last of March, or the fore part of April,

1847, and that while said Travesy was sawing it, said Myers, in the absence of defendant, and without consulting him, moved a part of the lumber about six or eight rods from the mill, and piled it up in the open space about said mill, saying to said Travesy and one Talcott, who was employed about the mill by the defendant in getting the logs into the mill, that he would not take the lumber at the mill measure, and at the time sent word to that effect, by said Travesy and Talcott to defendant; and that defendant, the next morning after receiving such word from said Myers, caused Myers to be notified that he (Myers) could not have the lumber at any price.

That previous to defendants receiving word that Myers would not receive the lumber at the mill measure, he sent by his clerk a bill for the lumber to Myers, and demanded payment thereof, and Myers refused to pay.

The defendant insisted and requested the court to charge the jury, that the description of the lumber and its location in the officer's return in the writ, in favor of Edwards & White, was too vague and uncertain to create any lien or valid attachment. (The description in the return was, "and also on the said fourth day of September, I attached about 6000 feet of pine lumber.") That in order to have the removal by Myers operate as a delivery to vest the property in him, it must have been done with an intention on the part of Myers to accept it at the mill measure, and if anything remained to be done to ascertain the quantity, the property did not vest in Myers ; and that if it was the intention of Myers at the time he removed it, to have it measured before he accepted it, no property was vested in him by such removal.

That if the jury should find that the contract was, that Myers should not have the lumber till paid for, or if the jury did not find that anything was agreed upon, as to the time of payment, the removal by Myers before the payment, was tortious, and no property thereby vested in Myers.

That as the property was conceded to have been the defendant's, it was incumbent on the plaintiff to show a complete sale and delivery to Myers, and that there must be a possession taken by Myers, with the knowledge and consent of defendant.

That if the jury should find that Myers objected to receiving it at the measure at which defendant claimed he should receive it,

Fletcher v. Cole.

and the parties never came to an agreement on this point, after the lumber was removed, no property vested in Myers, and that it was competent for defendant, if the lumber was not sold in the log, but was to be measured, and delivered after measure, to object to the delivery of the lumber, even though Myers claimed the lumber according to the contract, and that in this event no property passed, or if the jury should find that the contract was rescinded, the plaintiff could not recover. That as the property had not been charged in execution, the plaintiff could not recover, but if he could at all, it would be a recovery of nominal damages merely.

The court refused so to charge the jury.

The plaintiff on the trial, offered the said Myers as a witness, it appearing that the damages and costs in the suit of Edwards & White, on which the lumber was attached, had been paid and discharged, and Myers wholly released therefrom, and the whole attachment on which this suit is predicated, was discharged, and said Myers had sold and transferred all his interest to said Edwards & White, as appeared by written release and assignment produced on trial.

The defendant objected to the admission of said Myers as a witness. The court overruled the objection and admitted the witness; and his testimoy tended to prove that the defendant, after the lumber was removed by said Myers from the mill, called on said Myers, and received from him an order on one Chamberlain, Strong & Co. for $100, in part payment for said lumber, that at the time said Myers objected to paying for the lumber, because it was not measured, that defendant told said Myers, there need be no trouble about the measure, that when Myers stocked it up, he might get any one to measure it; and that said Myers did afterwards measure the lumber with one Chase, and that there was about 5100 feet, and that at the time said Myers and defendant made the contract for the lumber, there was nothing said about the time of payment.

The court,—PIERPOINT, J., presiding,—instructed the jury that if they found the plaintiff attached the lumber, and the defendant sold it to Ford, and it was taken by him, the plaintiff was entitled to recover, unless at the time of the attachment, the lumber was the property of the defendant. That if defendant, (being owner of

the logs,) agreed to have them sawed into such stuff as Myers should request and let him have the lumber at a stipulated price, upon the payment of such price, it would not be such an agreement as would authorize Myers to take the lumber, without payment of the price to Cole ; but the lumber would remain the property of Cole, although Myers took possession of it without the consent of Cole.

But if Cole consented that Myers might take the lumber under the contract, without paying down the price, or consented that Myers might keep the lumber, after having taken it without payment, and received the order in part payment, the title of the lumber would therefore vest in Myers, and his creditors had a right to attach it.

The jury returned a verdict for the plaintiff.

To the several decisions of the court, and to the charge to the jury, and neglect to charge as requested, the defendant excepted.

*Geo. F. Bailey* and *D. A. Smalley* for defendant.

I. The attachment in this case in favor of Edwards & White against Myers, was too vague and uncertain to create any lien on the lumber in question.

The pretended removal of from one to four rods does not appear to have been previous to the time the defendant sold it to Ford ; and it does not appear that any copy was left with or for the defendant Myers, according to the statute.

II. The court should have charged the jury, as requested, that if there was a price, but no time of payment stipulated, the law implies that the payment should be made, before or at the time of taking the property.

But the fair inference from the charge is, that Myers had a right to take the lumber, unless it was expressly stipulated that it should be paid for in advance.

III. Myers was directly interested to have his debt paid to Edwards & White out of defendant's property.

The only claim the plaintiff has to recover, is on account of the lien created by the attachment and its present existence. If the release discharges the interest of Myers, it also releases and discharges the judgment rendered in the suit on which the attachment was made.

This suit, therefore, cannot now be maintained, and judgment must be for the defendant.

*B. Rixford* and *Wires & Peck* for plaintiff.

1. Myers was properly admitted to testify. He was not incompetent on the ground of interest; that was removed by the discharge from Edwards & White, and the assignment to them. He was not incompetent on the ground of policy. If policy presents an objection, it is because he was the real plaintiff. The real plaintiff was the plaintiff of record. It was his duty to prosecute the suit, to protect himself. But regarding him as the real plaintiff, this has not been treated, in this state, as a ground of exclusion. *Seymour* v. *Beach*, 4 Vt. 493. *Moore* v. *Rich*, 12 Vt. 563. *Boardman* v. *Rogers et al.*, 17 Vt. 589. *Edwards* v. *Golding et al.*, 20 Vt. 30. *Sylvester, Exr.* v. *Downer*, 20 Vt. 355. *Blake* v. *Buchannan*, 22 Vt. 548. *Sanborn* v. *Kittredge*, 20 Vt. 632.

2. The charge was correct. It put the case to the jury upon the effect of a removal of the lumber by Myers, without having complied with the contract; also upon the effect of a subsequent acquiescence by defendant, in the removal as a delivery, or a subsequent change by the parties of the contract.

3. The court properly declined to charge, as requested. The request assumed that the court should take from the jury the consideration of the evidence respecting a change in the contract, and acquiescence after the removal.

4. The court properly declined to comply with the request to charge that the officer's return did not show an attachment of the lumber. The description in the return is sufficient, and that is a compliance with the act. But the objection cannot be raised by a trespasser.

5. If the plaintiff was entitled to recover at all, he was entitled to recover full damage, and hence the request to charge, that, if entitled to recover it was only to recover nominal damages, was properly rejected.

The opinion of the court was delivered by

REDFIELD, CH. J. 1. We think the return of the attachment must be regarded, as sufficient to create a lien. The return of the service might not have been good upon a plea in abatement, but

the judgment would be good until reversed in some way, and the return, with such reasonable intendments, as we are bound to make, in such cases, must be regarded as sufficient, we think.    The removal was no doubt all, that would be necessary to constitute an attachment, or to make the officer liable to the debtor for the property, after the creditor's lien was gone.   And whether the defendant had made a formal delivery of the same property to a subsequent purchaser intervening the attachment and the removal by the officer, could be of no possible importance  to  the validity of the attachment, if Myers' title had vested, as such interference then by defendant was the mere intrusion of a wrong doer, and of no avail whatever, in regard to plaintiff's title; and if Myers' title was not made out, the plaintiff had no title whatever, and so the jury were told.

2.  The omission to charge the jury, in regard to the right of Myers, in case nothing was said, in regard to his taking possession, would be technically error, if there was any possible reason to suppose any such state of facts could have been found by the jury; but as neither party claimed any such state of facts, the thing is highly improbable, on the face of the case, upon any such presumption, although it is obvious such a finding by the jury is supposable, and it is somewhat to be regretted, that cases should be drawn up so defectively.    But this is done in such haste, and so imperfectly often, that we are compelled sometimes to make very strong presumptions to save reversing cases upon points, which had no bearing whatever upon the case, as it actually appeared in the court below; and which would so appear, if the case were fully stated, and we no doubt reverse cases upon grounds, which do not exist in the case, but only in the bill of exceptions.    We are reluctant to do this.

It is here obviously a mere oversight in drawing up the case, or if the omission actually occurred in the charge, it was forgetfulness, from the fact of its having no probable bearing upon the case. The obvious meaning of the charge is, that if you find the facts as the testimony on the part of the plaintiff tends to prove, no title vested in Myers; but if you believe the facts testified by Myers, that would be sufficient to give him a title.   The idea, that the jury should have believed what Myers testifies, as to nothing being said as to payment, and disbelieve all his other testimony,

Fletcher *v.* Cole.

is so improbable, that we are disposed to take the other view of the case, that the charge, under the state of the evidence was all that was important to a correct understanding of the law applicable to the facts.

3. We think the papers in the case show a release of Myers' interest. It seems to be the very case of *Moore* v. *Rich*, 12 Vt. 563, in principle. The event of the suit could not affect Myers.

4. It does not seem important, whether the property was charged in execution, or not, as the judgment having been released, would of course destroy the lien, and the only ground of recovery now, is the plaintiff's liability to the debtor, Myers. We see no reason to doubt this. There is no doubt the plaintiff sufficiently interfered with the property, and the assignment of this claim to the creditors, in discharge of their judgment cannot defeat the liability of plaintiff, and being liable over, he must recover the full amount.

5. If the plaintiff was a mere *tort feasor*, in taking possession of the property, and Myers had released him, so that he was not liable over to any one, he could still recover of any one, who interfered with the property, by mere wrong. It is well settled that one *tort feasor* may always recover against a subsequent *tort feasor*, who shows no right whatever.

Judgment affirmed.

NOTE.—To warrant this court in reversing the judgment of the county court, and sending a case to a new trial, there should be something more, than the mere possibility, that the jury have been misled. There should be a reasonable probability, at least. In a complication of written requests to be responded to in the hurry of a jury trial, all that could be expected of the judge would be, to charge upon the hypothesis of each party, and not to select broken views made up of fragments of testimony, on both sides, unless that view is presented in a *separate and distinct request*, which is not the case here.