# A. H. BERRY SHOE CO.

## v.

## EDMUND DECHENES.

OCTOBER TERM, 1895.

*Book Account.    Jurisdiction of County Court.    Need not
appear on face of writ.*

1.  A writ in book account returnable to the county court, in
    which the declaration claims fifty dollars to balance ac-
    counts, and which states the *ad damnum* at fifty dollars,.
    should not be dismissed upon motion for want of jurisdic-
    tion, for it is the debtor side of the plaintiff's book which
    gives jurisdiction.

2.  Inasmuch as the form of the declaration in book account is
    prescribed by statute, the writ need not show jurisdiction
    upon its face.

3.  The question of jurisdiction will ultimately depend on what
    may appear as to the debtor side of the plaintiff's book.

4.  *Bates* v. *Downer*, 4 Vt. 178, overruled.

Book account.    Heard upon the defendant's motion to dis-
miss at the April term, 1895, Franklin county, TYLER, J.,
presiding.    Motion sustained and writ dismissed. The plain-
tiff excepts.

*Adams & Mott* for the plaintiff.

The statute prescribes the test of jurisdiction, and that is
the debtor side of the plaintiff's book, R. L., s. 822.

*E. A. Ashland* for the defendant.

The plaintiff's writ did not show jurisdiction in the county court.   *Bates* v. *Downer*, 4 Vt. 178; *Nelson* v. *Emery*, 17 Vt. 579; *Scott & Spaulding* v. *McDonough*, 39 Vt. 203; *Stevens* v. *Pearson*, 5 Vt. 503; *Thompson* v. *Colony*, 6 Vt. 91; *Sheperd* v. *Beebe & Briggs*, 24 Vt. 40.

MUNSON, J.   This is an action of book account, brought originally to the county court, in which the plaintiff declares for fifty dollars to balance accounts, and places the *ad damnum* at fifty dollars.   The county court dismissed the suit on motion.   This disposition of the case was in accordance with the holding in *Bates* v. *Downer*, 4 Vt. 178.   This case was unfavorably commented upon in *Paul* v. *Burton*, 32 Vt. 148, and we think it should now be overruled.

The county court has "original and exclusive jurisdiction of all original civil actions, except those made cognizable by a justice."   Justices are given jurisdiction of all civil actions, with certain exceptions, "where the debt or other matter in demand does not exceed two hundred dollars."   The amount of the demand is thus made the test of jurisdiction.   But it is further provided that in actions on book account the "matter in demand" shall be the debtor side of the plaintiff's book. The statute also prescribes the form of declaration to be used in book account actions, and this declares for the sum which the plaintiff claims is due from the defendant to balance book accounts between them.   When this declaration is inserted in the form prescribed for the writ, it is followed by a statement of the amount of damage which the plaintiff claims to have sustained, and for the recovery of which he brings suit.   This clause is so often determinative of the jurisdiction that we ordinarily speak of the *ad damnum* as the test of jurisdiction; but the statute does not declare it to be the test.   It frequently becomes such, because of its being taken as a statement of the matter in demand when the amount of the demand is not determined with certainty by the declara-

tion. But the amount declared for as due, whether derived from the declaration or the *ad damnum*, is not in this action the test of jurisdiction. The jurisdiction here is to be determined by the debtor side of the plaintiff's book, an allegation of which is in no way provided for by the forms prescribed. The *ad damnum*, which is sometimes taken to represent the actual matter in demand, cannot be held to represent what is here arbitrarily declared to be the matter in demand. It may be that the setting up in a justice writ of sums exceeding the jurisdictional limit would afford ground for its dismissal; for if over two hundred dollars is required to balance accounts the debtor side of the book must be over two hundred dollars. But the fact that the plaintiff in a county court writ claims less than two hundred dollars is not equivalent to a statement that the debtor side of his book is less than two hundred dollars. So there is nothing in this writ to show that the plaintiff's claim is not within the jurisdiction of the county court. As to whether the writ should affirmatively show the jurisdiction of the county court, it is sufficient in this case to say that the writ is prescribed by statute, and that no allegation of the jurisdictional fact is required. So it cannot be said that a want of jurisdiction is apparent from the face of the writ, either in the allegations contained or from the want of further allegation; and the writ should not have been dismissed. Of course this apparent jurisdiction is not controlling, and the jurisdiction will ultimately depend upon what may appear as to the debtor side of the plaintiff's book.

*Judgment reversed and cause remanded.*