KATE L. PAGE *vs.* C. H. WARNER, et al.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed April 13, 1899.

*Jurisdiction as Determined by Amount.*—In an action of debt upon a partially satisfied judgment, the jurisdiction is determined by the amount remaining due at the commencement of the action, not by the amount of the original judgment. Hence a justice, having jurisdiction of causes not exceeding $200, may take cognizance of an action upon a judgment of the county court for $249.15, upon which there was only $145.52 unpaid at the commencement of the action.

DEBT on judgment. The action was begun before a justice of the peace and a motion was there made that it be dismissed for want of jurisdiction. The motion was overruled and an appeal taken by the plaintiff. The motion was renewed in the county court, at the September term, 1898, Chittenden county, *Ross*, J., presiding, the copy of the original record of the judgment and the execution and return thereon being made a part of the motion. The motion was overruled and judgment rendered for the plaintiff. The defendant excepted.

*G. W. Kennedy* for the defendant.

*Brown & Macomber* for the plaintiff.

TYLER, J. By V. S. 1040 justices of the peace have jurisdiction of all actions of a civil nature, except those specified, where the debt or other matter in demand does not exceed two hundred dollars. In this case the original judgment was for $249.15, execution was issued, property was levied upon and sold and the proceeds applied, so that when this suit was brought there remained due upon the judgment only the sum of $145.52 and interest. The defendant insists that the test of jurisdiction is the amount of the judgment recovered, and not the amount remaining due when the action is brought; but this is not maintainable either upon principle or authority. The same question has been many times, though in different forms, before this court. In *Southwick, et al,* v. *Merrill*, 3 Vt. 320, the court said: "Where the want of jurisdiction appears from the face of the writ, the defendant may avail himself of the objection by plea; but where from the writ the court, *prima facie*, has jurisdiction, but it appears on trial, from the plaintiff's own showing, that his debt or demand is not of sufficient amount to give the court jurisdiction, the course is to dismiss the action on motion." The converse of this is true in the present case, for the declaration and the claim presented showed jurisdiction in the justice.

It was said in *Miller* v. *Livingston*, 37 Vt. 467, that the "matter in demand," as used in the statute, meant "the plaintiff's cause of action, or in other words, it is the claim which the plaintiff brings his suit for the purpose of enforcing." See *Berry Shoe Co.* v. *Dechenes*, 68 Vt. 387.

If the plaintiff had brought her suit in the county court, and her declaration had shown the part-payment of the judgment, or if she had declared for the full amount of the judgment and the part-payment had been shown at the trial, the action must have been dismissed as "cognizable by a justice."

*Judgment affirmed.*