## CLARK D. HATHAWAY v. GEORGE G. RICE.

In an action of trespass, where the declaration contains several counts, a plea, which commences and concludes in bar of the action generally, and the obvious and natural import of the language of which should be understood in a plural and distributive sense, as applying to the different occasions on which the trespasses are charged, must be taken as a plea to the whole declaration.

A plea to the whole declaration, to be sufficient, must appear to contain an answer to all that is alleged as the direct ground and gist of the action, and such answer must be valid and sufficient in law.

Matter of aggravation, correctly understood, does not consist in acts of the same kind and description as those constituting the gist of the action, but in something done by the defendant, on the occasion of committing the trespass, which is, to some extent, of a different legal character from the principal act complained of.

But a declaration, which charges the defendant with having struck the plaintiff a great many violent blows with a club, and with a raw hide, and with his fist, and with having, with great violence, shaken the plaintiff and pulled him about, and with having thrown down the plaintiff and then harshly and brutally kicked him and struck him other violent blows, and with having wounded him, and torn his clothes, exhibits a mere succession of acts of direct trespass, all remediable by an action of the same class, and each requiring some complete justification, or excuse, in the plea.

But a plea to such declaration, which professes to answer the "assaulting, beating and ill treating," using the explanatory words, "as in the declaration mentioned," will be considered as co-extensive with the alleged cause of action.

But it was held, that a plea to a declaration alleging such acts of trespass, which averred, merely, that the defendant was a school master and the plaintiff was his scholar, and that the plaintiff was insolent and refused to obey the reasonable commands of the defendant, and thereupon the defendant moderately chastised him, and which set forth no acts on the part of the plaintiff requiring excessive severity on the part of the defendant, such as resistance by the plaintiff,—did not disclose a *sufficient* justification *in law*, for the acts alleged in the declaration.

TRESPASS for assault and battery. In the first count in the declaration it was alleged that the defendant, on the first day of January, 1845, laid hold of the plaintiff and with a club and with his fists

struck him a great number of violent blows upon his head and body, and shook and pulled him about, and threw him down, and then harshly and brutally kicked him and struck him other violent blows, and wounded him, and tore his clothing. In the second count an assault and battery was alleged, in common form, to have been committed by the defendant upon the plaintiff on the same day. In the third count it was alleged, that the defendant, on the fifth day of January, 1845, laid hold of the plaintiff with great force and violence, and with a raw hide, and with clubs, sticks, fists and feet, gave to the plaintiff a great many violent blows upon his head and body, and with great violence shook and pulled him about, and threw him down, and struck him other violent blows, thereby wounding him, and tore his clothes. In the fourth account it was alleged, in common form, that the defendant, on the fifteenth day of January, 1845, committed an assault and battery upon the plaintiff.

The defendant pleaded the general issue, and also a special plea, which was in these words ;—" And for farther plea in this behalf, ' as to the said assaulting, beating and ill treating the said Clark, in ' his declaration mentioned, the said George, by leave of the court ' first had and obtained, says, that the said Clark ought not to have or ' maintain his aforesaid action thereof against him, because he says, ' that before and at the several times in the plaintiff's declaration ' mentioned, to wit, at Burlington aforesaid, the said George was in- ' structor, teacher and master of a public, or common, school, to ' wit, the school of district No 9 in said Burlington, and the said ' Clark D. was, at the said several times in his declaration men- ' tioned, as aforesaid, at Burlington aforesaid, a scholar and pupil of ' the said George in his said school, and then and there behaved and ' conducted himself saucily and contumaciously towards the said ' George, and then and there refused to obey his lawful commands, ' relating to his duty as such scholar and pupil, as aforesaid ; where- ' upon the said George then and there moderately corrected him, the ' said Clark D., for his misbehaviour, as aforesaid ; which are the said ' assaulting, beating and ill treating the said Clark D., in his decla- ' ration mentioned : And this he is ready to verify : Wherefore he ' prays judgment, if the said Clark D. ought to have or maintain his ' aforesaid action thereof against him, and for his costs."

To this plea the plaintiff demurred, and assigned the following as

special causes of demurrer.   1. That it does not appear with suffi-
cient certainty from the plea, whether it was intended to answer the
whole declaration, or what part thereof, or which of the counts.
2. That the plea, in the introductory part, assumes to answer only
one assaulting, beating and ill treating of the plaintiff, while in the
body of the plea the several assaultings, beatings and ill treatings are
attempted to be justified.   3. That the plea does not answer but two
of the substantive allegations in the first and third counts of the dec-
laration, leaving the other allegations in those counts, namely, the
throwing down and kicking the plaintiff and tearing his clothes, un-
answered.   4. That the plea does not allege, that the defendant had
a *lawful right* to correct the plaintiff, as mentioned in the plea.
5. That the plea does not allege, that the defendant used no more
force than was necessary to moderately correct the plaintiff for his
alleged misbehavior.   6. That the plea does not state what correc-
tion the defendant did make use of, or how much, or in what man-
ner, he moderately corrected the plaintiff, so that it may be deter-
mined from the plea whether the correction was moderate, or not.

The county court, September Term, 1845,—BENNETT, J., pre-
siding,—adjudged the plea in bar sufficient.   Exceptions by plaintiff.

*Briggs & Underwood* and *Lyman & Chittenden* for plaintiff.

1. The plea, as it prays judgment of the whole declaration, must
be a perfect answer to the whole, or it is defective.   It is not one
of those cases, where, by answering one substantive allegation, the
whole action is defeated; but it requires a plea co-extensive with the
trespasses set forth in the declaration.   Even if the plea is a suffi-
cient answer to one count, or more, it will not avail; because, if it
did not cover the whole declaration, that part, which it was intended
to answer, should have been pointed out and judgment prayed for
that part only.   *Nevins* v. *Keeler*, 6 Johns. 63.   *Hallett* v. *Holmes*,
18 Ib. 28.   *Van Ness* v. *Hamilton*, 19 Ib. 349.   *Spencer* v. *South-
wick*, 11 Ib. 583.   *Jackson* v. *McClaskey*, 2 Wend. 541.   1 Chit.
Pl. 454.   *Hickok* v. *Coates*, 2 Wend. 419.   *Slocum* v. *Despard*, 8
Ib. 615.   *Gillespie* v. *Thomas*, 15 Ib. 464.   *Riggs* v. *Denison*, 3
Johns. Cas. 198.   *Fletcher* v. *Peck*, 6 Cranch 87.   *Barnard* v.
*Duthy*, 5 Taunt. 27.

2. The plea answers but two of the substantive allegations in the

declaration. The wounding, tearing clothes, &c., cannot be considered mere matter of aggravation. *Pendleburg* v. *Elmott*, Cro. Eliz. 268. *Trescott* v. *Carpenter*, 1 Ld. Raym. 229. *Stammers* v. *Yearsley*, 25 E. C. L. 19. *Bush* v. *Parker et al.*, 27 Ib. 312. *Reece* v. *Taylor*, 30 Ib. 388. *Dutton et al.* v. *Holden*, 4 Wend. 643. *Underwood* v. *Campbell*, 13 Ib. 78. *Gregory et ux.* v. *Hill*, 8 T. R. 299. Story's Pl. 535. 4 Taunt. 821.

3. The declaration avers three distinct trespasses, committed on the first, fifth and fifteenth days of January ;—the plea justifies but one.

4. The plea denies none of the excessive force and violence averred in the declaration, nor does it allege any excuse for its exercise. The declaration sets forth trespasses of such an aggravated character, as cannot be justified by any relation known to the common law, without alleging some sufficient act of the plaintiff as an excuse for their commission,—as *resistance, son assault demesne, &c.*; and then he must negate the using of more force than was necessary, either by expressly alleging it, or by the common allegation, that he committed the trespasses, "*as he lawfully might, for the cause aforesaid.*" *Trescott* v. *Carpenter*, 1 Ld Raym. 229. *Gregory et ux.* v. *Hill*, 8 T. R. 299. Story's Pl. 535. We are unable to see, how the definition of moderate correction can be extended to include a bruising and wounding,—or, at all events, how it can cover a destruction of goods and chattels.

- *J. McM. Shafter* for defendant.

1. The plea answers " the *said* assaulting, beating and ill treating the said Clark, *as* in his declaration mentioned," in its introductory part. In the body of the plea assaults and battery are confessed at "the several times" mentioned in the declaration, and are justified, as being the same trespasses complained of. This is a full and certain answer to the declaration. *Michell* v. *Neale et ux.*, Cowp. 828. *Burgess* v. *Freelove*, 2 B. & P. 425. *English* v. *Pursor*, 6 East 395. The third special cause of demurrer proceeds upon the ground, that it is necessary to answer every *particular* of the charge in the declaration. To do this would lead to answering matters of aggravation, as well as those forming the gravamen of the charge, and to a needless and endless prolixity ; and if the plaintiff intended

14

to rely upon an excess of violence, he should have new assigned. *Gale* v. *Dalrymple*, 1 C. & P. 381. *Thomas* v. *Marsh et al.*, 5 C. & P. 596. *Taylor* v. *Cole*, 3 T. R. 292; *S. C.*, 1 H. Bl. 555. *Gates* v. *Bayley*, 2 Wils. 313. *Green* v. *Jones*, 1 Saund. R. 295, n. 6. 2 Ib. 411, n. 4. Gould's Pl. 366.

2. The general demurrer denies the right of a school master to administer moderate correction to his pupil. The principle, that a parent might correct his child, for his admonition and reproof, has always been recognized. The instructor in the public schools is held to have a delegated authority from the parent, which is limited to the purposes for which it was given,—the proper education of the individual pupil, and- the preservation of order and government in the schools. 1 Bl. Com. 373, 374. 2 Kent 205. 1 Selw. N. P. 34. Rast. Ent. 613, *pl.* 18. We claim, also, that the school master is a *quasi* public officer, having charge of a public interest; that if his jurisdiction *is* limited, yet that within his limits his acts are governmental in their nature, and that every intendment is to be made in his favor.

The opinion of the court was delivered by

Royce, Ch. J. This must be taken as a plea to the whole declaration. It commences in bar of the action generally, and proceeds to allege, that, before and at the *several times* in the declaration mentioned, the defendant was a school master and the plaintiff was his scholar,—that the plaintiff was *then and there* guilty of the insolence and disobedience alleged,—*whereupon* the defendant corrected him, &c. And in order to give to this language its obvious and natural import, it should be understood in a plural and distributive sense, as applying to the different occasions on which the trespasses are charged. The plea also concludes in bar of the entire action. And there is, moreover, an established rule, that every plea shall be treated as a plea to the whole declaration, unless it is expressly limited to some particular portion. Gould's Pl. 362.

We must, then, inquire, whether the plea is sufficient, considered as a plea to the whole declaration. To be so, it must appear to contain an answer to all that is alleged as the direct ground and gist of the action, and such answer must be valid and sufficient in law.

In regard to the first of these requisites the defendant insists, if

Hathaway *v.* Rice.

any of the acts charged in the declaration are not comprehended within the terms used in the commencement of the plea, and consequently are not attempted to be justified, that those acts should be considered as matters of aggravation merely, and, as such, not requiring any justification. But matter of aggravation, correctly understood, does not consist in acts of the same kind and description as those constituting the gist of the action, but in something done by the defendant, on the occasion of committing the trespass, which is, to some extent, of a different legal character from the principal act complained of. As where the plaintiff declares in trespass for breaking and entering his dwelling house, and alleges, in addition, that the defendant also destroyed his goods in the house, assaulted and beat his domestics, or debauched his daughter, or servant. Now, conceding that for some or all of these acts the plaintiff might support trespass, yet it could only be done by an essential change in the frame and technical character of his declaration. And hence they would be regarded as matters alleged for the purpose of aggravating the trespass declared upon, by showing the motive with which it was committed, unless, upon a justification being pleaded, the plaintiff should see fit to waive his first and ostensible cause of action, and set them forth in a replication, or new assignment, as distinct and substantive grounds of recovery. *Taylor* v. *Cole,* 3 T. R. 292. *Hubbell* v. *Wheeler,* 2 Aik. 359.

In this instance, however, all the grievances charged must be looked upon as acts of direct trespass to the plaintiff's person, and all remediable by an action of the same class and denomination. And in *Bush* v. *Parker et al.,* 27 E. C. L. 312, where the declaration charged assaulting, seizing and laying hold of the plaintiff, pulling and dragging him about, striking him many violent blows, forcing him out of a certain field into and through a pond, and there imprisoning him, and the plea justified assaulting, seizing and laying hold of the plaintiff, and pulling and dragging him about, it was held, that the alleged grievances, which the plea omitted to notice, were in themselves trespasses, requiring to be justified. TINDAL, Ch. J., says,—" It is plain, that they are links in a chain of trespasses, following each other, and not mere aggravation of the first assault." And, in our opinion, it is no less evident, that, aside from the averment of certain special damages as consequent upon the acts charged,

the present declaration exhibits a mere succession of trespasses, each requiring some competent justification, or excuse. It therefore becomes necessary to determine in how extensive a sense the words "assaulting, beating, and ill treating," as used in the introductory part of the plea, shall be understood and applied. When the defendant in a case of this kind would plead in bar generally, he may commence his plea with such a general reference to the charges contained in the declaration, as will necessarily embrace the whole subject of complaint, or he may, as in this case, set down in detail the several alleged acts which he proposes to justify. But in the latter case the justification is usually confined to the acts thus specified; so that, if the declaration alleges a mayhem, or a wounding and knocking the plaintiff down, and the plea is silent in these particulars, such charges will not, in general, be held to come within the scope of the justification.

Now the declaration, in alleging the trespasses committed, goes far beyond the necessary legal import of the introductory terms used in this plea; for neither of these is held, *ex vi termini*, to include an actual wounding, or such other acts of extreme violence and severity as the declaration charges. *Titley* v. *Foxall*, Willes 688. *Williams* v. *Jones*, 2 Str. 1049. Ham. N. P. 149. And hence those terms, without the explanatory words, "as in the declaration mentioned," would not, as I think, render the plea sufficiently comprehensive to meet the whole declaration. But, with the aid of these expressions, the plea may be understood as assuming to justify the assaulting, beating, and ill treating, precisely as they are described and set forth in the declaration. And if so, it is co-extensive with the alleged cause of action.

We are brought, then, to the question, whether a sufficient justification is disclosed for all that is alleged against the defendant. The plea is based upon the right of a school master to correct his scholar, a right which has always been practically and judicially sanctioned. But it rests upon similar ground as the right to correct a child, or servant, and the chastisement must not exceed the limits of a moderate correction. 1 Hawk. P. C. 130. 1 Stephen's N. P. 219. And though courts are bound, with a view to the maintenance of necessary order and decorum in schools, to look with all reasonable indulgence upon the exercise of this right, yet, whenever the cor-

Hathaway v. Rice.

rection, as confessed by the pleadings, or as proved on trial, shall appear to have been clearly excessive and cruel, it must be adjudged illegal.

The matter may, indeed, be so presented by the pleadings, that the court would not be able to decide, from them alone, whether the master had abused his authority; as where the plea of moderate correction proceeds to allege resistance - by the scholar, so that the acts of the master should be referred, in part, to self defence. The plea would then become somewhat analogous to that of *son assault demesne*, and whether an excess of force had been used, could, in general, be determined only by the evidence on trial. But such is not the case upon these pleadings. It is therefore as competent for the court to test the merits of this plea upon demurrer, as to determine when the plea of *molliter manus imposuit* is a good answer to the charges in a declaration. The latter plea will justify acts which amount to assault and battery in law, as the forcible expulsion of a person from one's house, or land, when he refuses to leave it on request. But since the party, if unresisted, can exercise his right in such a case without violence and outrage, such a plea, without more, is not sufficient, when the declaration alleges the infliction of severe blows, a wounding of the plaintiff, or knocking him down. The plea must therefore aver some adequate excuse for such acts of severity; as that they were rendered necessary by the plaintiff's resistance. *Gregory & wife* v. *Hill,* 8 T. R. 299. *Oaks* v. *Wood,* 2 M. & W. 791.

Considerations of a similar bearing are applicable here. We cannot know the precise degree of severity which the occasion called for, but nothing is disclosed to justify the defendant in proceeding to extraordinary lengths. If any such ground existed, it should have been placed upon the record. As the case now appears, we have no difficulty in saying, that the chastisement was carried far beyond the limits of a moderate correction.

Judgment of the county court reversed, and judgment that the plea in bar is insufficient.