Mellen *v.* Thompson et al.

JOHN W. MELLEN *v.* CALEB THOMPSON AND JOSEPH L. THOMP-
SON.

*Trespass.    Pleading.*

The plea of *son assault demesne* is a sufficient answer to a declaration in tres-
pass for assault and battery, though the declaration contain averments of
personal injuries to the plaintiff, showing the assault to have been of a very
aggravated character.

The question whether the defendant used an excess of force in his own defence,
is in general to be determined only upon the evidence; and this issue is
raised by the replication of *de injuria.*

In trespass for a simple assault and battery, a plea is sufficient which alleges
that the defendant *molliter manus imposuit,* etc., in his reasonable efforts to
prevent the plaintiff from breaking the peace by an assault upon a third
person; but *aliter,* when the declaration alleges extraordinary or aggravated
force on the part of the defendant.

TRESPASS for assault and battery.   The declaration, in addi-
tion to the usual charge of an assault and battery, charged that
the defendants struck the plaintiff a violent blow upon the left
side of his head, and knocked him down ; that one of the defend-
ants held the plaintiff's hands, and that the other, while the
plaintiff's hands were so held, kicked him in the side and breast
and with great violence placed his. knees upon the plaintiff's
breast and choked him, and in other respects so injured him as
to endanger his life.   Each of the defendants pleaded the general
issue, and *son assault demesne,* and the defendant, Caleb Thomp-
son, also pleaded that the plaintiff made an assault upon the
other defendant, being his brother, and that the defendant Caleb
Thompson in defending his brother from such assault, did neces-
sarily a little, beat, bruise, etc., the plaintiff, etc., etc.

The plaintiff demurred generally to the defendants' special
pleas, but the county court, in Washington county,—BARRETT,
J., presiding,—adjudged the pleas sufficient, and rendered judg-
ment for the defendants, to which the plaintiff excepted.

*J. A. Wing* and *William P. Briggs,* for the plaintiff.

*Dillingham & Durant,* for the defendants.

POLAND, J. The plaintiff's declaration sets forth a very aggravated asault and battery of the plaintiff by the defendants, and not only charges the defendants with cruelly beating the plaintiff, but also with kicking and choking him. The case of *Hathaway* v. *Rice*, 19 Vt. 102, decides that such allegations in a declaration for an assault and battery, are not to be regarded merely as matter in aggravation of the assault and battery complained of, and therefore covered and answered by any plea which would be a good answer to a simple charge of that kind; but that they are to be understood as substantive allegations of various acts of trespass to the person of the plaintiff, and that any plea which admits the whole declaration, and professes to justify all that is charged in it, must contain sufficient to apparently justify the defendant for all the declaration alleges. The defendants' pleas in this case admit all the allegations in the declaration and profess to justify the whole.

Does either of the pleas present a good legal answer to it? We think each defendant's first plea, that the plaintiff made the first assault, and justifying his assault and battery of the plaintiff in self defence, is a good answer to the whole declaration. The amount and kind of force which the law authorizes one to use in defence of his own person, depends entirely upon the extent and character of the attack upon him, and all the attending circumstances. He may use such kind and amount as is necessary for his own protection and safety, even to destroying the life of his assailant. If it were necessary for a defendant pleading such defence to set forth all the particulars of the plaintiff's prior assault, and all the various circumstances under which it was made, and which might in evidence affect his right to repel it, and to what extent, it would become next to impossible to frame such a plea, and ordinarily it would by no means enable the court to determine upon the face of the pleadings, whether or not, the force used by the defendant was justified by the first assault made by the plaintiff.

As was said by ROYCE, Ch. J., in *Hathaway* v. *Rice*, " whether an excess of force has been used, can in general be determined only by evidence on trial."

It is not therefore required in such a plea that the defendant

Mellen *v.* Thompson et al.

should minutely detail the circumstances of the plaintiff's first assault, but in order to make the plea a good answer, it is required that the defendant should allege that he used no unnecessary force in repelling or defending himself from the plaintiff's attack.

It was formerly held in England, that when the plaintiff relied on showing that the defendant had used excessive or unreasonable force, he must reply it, or new assign it, to the defendants' plea of *son assault*, and that he could not recover for the excess under the general replication *de injuria*.

But it is now settled, that the plaintiff in such a case need not reply the excess, but may show it, and recover for it under the replication *de injuria*; in short, that such replication not only puts in issue the fact whether the plaintiff made the first assault, but also whether the defendant used more force than was necessary to defend himself from it; see *Elliot* v. *Kilburn*, 2 Vt.; *Resce* v. *Taylor*, 1 Har. 15 ; 1 Ch. Pl. 593, note E. ; *Harman* v. *Edes*, 15 Mass. 347.

This rule in relation to pleas of this character is very favorable to the plaintiff, as it enables him on trial to contest both points before the jury, and to recover, if either be found in his favor, instead of being required to hazard his case upon a single point alone, the result usually obtained by pleading specially.

We have been cited to no case or precedent where this general form of plea of *son assault* has been disallowed or departed from, in consequence of the aggravated nature of the injury set up in the declaration, and we think none can be found; see 3 Vol. Ch. Pl. 1068, note R., and cases therein cited.

The plaintiff insists that each defendant's second plea is bad, because the law does not justify one in using force in defence of a brother against an unlawful attack.

It is laid down in the elementary books that a battery may be justified by one in defence of a husband or wife, parent or child, master or servant, but in none that I have examined is it said that it may be in defence of a brother.    But it is also said by all the elementary writers, that it is a good defence to an action for an assault and battery, that it was committed to prevent a breach of the peace.    We are not prepared to say that a man is any

better justified by law in forcibly defending his brother against an unlawful attack, than he would be in defence of a stranger ; but we think that every man is legally justified in the reasonable use of force for the prevention of unlawful violence to another's person, and thus preventing a breach of the peace.

We should regard this plea, therefore, as a good answer to the plaintiff's declaration, if it were merely for a simple assault and battery.    Whether it is a good answer to this, which substantially alleges an aggravated injury and wounding of the plaintiff, depends upon the determination of the class of pleas to which this belongs.    It is laid down in many cases, several of which are cited by the plaintiff, that a plea of *molliter manus imposuit* is never a good answer to a declaration alleging a wounding of the plaintiff.    In this class of pleas are included justifications in defence of property, real or personal, the removal of a person unlawfully upon the premises, or in the house of the defendant, arrests under process, etc.    Very similar in principle are pleas in justification of moderate correction of an apprentice or pupil. None of these pleas, in the usual and general ·form, are a good answer to a declaration alleging extraordinary or aggravated force and violence, for the good reason that the right which the defendant sets up does not primarily authorize, nor its exercise require, anything more than gentle, moderate force.    The plea only shows a right to use gentle and moderate force, while it admits the declaration to be true which charges an immoderate and aggravated use of it.

If the plaintiff forcibly resisted the defendant in this exercise of his right, whereby it became necessary, and the defendant became entitled, to use more than moderate or gentle force to assert and enforce his right, this also must be set forth in the plea, and when this is done, the plea becomes analogous to the plea of *son assault*, and it is not necessary to set forth minutely, or particularly, the nature and extent of the force used by the plaintiff, to make the plea a sufficient answer to the declaration.    We think this plea of the defendant can only be regarded as a plea of *molliter manus*, and not a plea of *son assault*.

If the plaintiff was making an assault, or was about to commit a battery upon the defendant's brother, the defendant would

Brownington *v.* Charleston.

have the right to use gentle and moderate force to restrain him. If the plaintiff thereupon desisted, this was the extent to which the defendant had a right to use force at all. If the plaintiff persisted in his attack, and resisted the defendant's efforts to prevent him, or if he then attacked the defendant, whereby it became necessary for him to use more force, either for the safety and protection of his brother or himself, this should have been alleged in the plea. This not being alleged, we think this plea does not properly answer the plaintiff's declaration. Mr. Chitty, in his Precedents, 3 Vol. Ch. Pl. 1071, gives a form of such plea in accordance with these views.

The first plea in bar of each defendant being sufficient, the judgment below on the demurrer for the defendant was correct, and is affirmed.