### JOHN H. BAIZLEY v. CHARLES J. WELSH.

Argued June 13, 1904—Decided November 7, 1904.

While it is improper to permit jurors to leave the jury room to communicate with their families by telephone without leave of the court, yet where there is no proof that it resulted in subjecting the jury to improper influence, it is not cause for a new trial.

On application for a rule to show cause why a new trial should not be granted.

Before Justices FORT and PITNEY.

For the motion, *William T. Boyle.*

*Contra, John J. Crandall.*

The opinion of the court was delivered by

FORT, J. In this case the rule is refused. The proof in the case shows that defendant admitted at the trial that he was indebted to the plaintiff in the sum of $795, represented largely by promissory notes which the plaintiff held.

The defence was a set-off; the defendant claimed that he had furnished to the plaintiff, through one Bowden, as his agent, large quantities of merchandise, mentioned in an itemized account annexed to his plea. Bowden admitted the receipt of the goods, but alleged that he had purchased the same individually and not as the agent of the plaintiff.

There were also items in the account as filed by the defendant which, it was alleged, had been paid for the plaintiff by the defendant for dues and the like to a building and loan association on certain premises, mortgaged to the association by the plaintiff, or others in whom he was interested, and those dues he directed the plaintiff to pay.

These latter payments the plaintiff denied the defendant had ever made for him.

Letters and checks and notes were in evidence relating to the whole matter.

There was evidence in the letters of the plaintiff which would justify the jury in saying that Bowden was the plaintiff's agent and that the defendant had shipped the goods to Bowden as such. There was also evidence justifying the finding that the building and loan payments were made for plaintiff's account. The charge of the judge was clear and rightly submitted these questions to the jury. They have found for the defendant, and there is not such weight of evidence against the finding as would justify a new trial on the merits.

On the question of the misconduct of the jury, which is alleged as one of the grounds for a new trial, I am unable to see anything to justify the inference that the jury was tampered with. Members of the jury, it is true, were permitted to leave the jury room and communicate with their families by telephone. It was improper to permit this without leave of the court, but there is no proof that it resulted in subjecting the jury to any improper influence.

The motion is denied.