## SMITH v. WICKARD.

[No. 6,421.   Filed November 18, 1908.]

1. PLEADING.—*Answer.*—*Argumentative Denial.*—*Assault and Battery.*—An answer, in an action for assault and battery, that defendant, realizing that he had been struck, and believing himself to be in danger of great bodily harm, "necessarily struck the plaintiff the blow complained of," is not good as an argumentative denial.   p. 510.

2. SAME.—*Answer.*—*Son Assault Demesne.*—*Assault and Battery.* —An answer of *son assault demesne* justifies the assault and battery complained of by asserting that plaintiff committed an assault and battery upon defendant and that defendant merely defended himself, and in so doing he committed the battery complained of.   p. 511.

3. SAME.—*Answer.*—*Assault and Battery.*—*Conclusions.*—The allegations in an answer, in an action for assault and battery, that defendant "believed" he would receive great bodily harm, that he struck plaintiff "while so believing and having cause so to believe," "that circumstances and appearances caused him to be-

lieve" that he was in danger, and that his conversation with plaintiff was "mild and gentlemanly," are mere conclusions. p. 511.

4. PLEADING.—*Answer.*—*Assault and Battery.*—*Self Defense.*—An answer, in an action for assault and battery, alleging that defendant approached plaintiff upon the street, that plaintiff struck him in the mouth, that defendant, knowing that plaintiff had a "vicious temper," and believing plaintiff "would continue her attack upon him, and that he would receive great bodily harm" "necessarily struck the plaintiff the blow complained of in her complaint," is bad. p. 512.

From Shelby Circuit Court; *David L. Wilson,* Special Judge.

Action by Eldora Smith against David L. Wickard. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Hord & Adams, Charles H. Cook* and *William W. Cook,* for appellant.

*A. J. Shelby* and *Carter & Morrison,* for appellee.

ROBY, J.—Suit for damages on account of an alleged assault and battery. The complaint charges that the defendant wrongfully assaulted plaintiff, struck her in the face with his fist, knocking her prostrate upon the pavement, rendering her unconscious, cutting her head, etc., to her damage, etc. The appellee answered in three paragraphs, the first a general denial and the second, *son assault demesne.* The third paragraph is not within any recognized form of pleading, and cannot therefore be named. The first and second paragraphs were withdrawn before trial, whereupon the plaintiff demurred to the third paragraph for want of facts. The demurrer was overruled, an exception reserved, and error on the ruling assigned.

The complaint contained much surplusage. It was therein averred that the plaintiff is the wife of John M. Smith and the sister-in-law of the defendant; that defendant had been guilty of insulting conduct toward plaintiff, in following her, and, when alone and opportunity offered, using abusive language calculated to and which did place her in fear as to her personal safety, humiliating, exasperating and caus-

ing her nervous shock and agitation; that on September 3, 1904, upon the streets of the city of Greenfield, defendant "was pursuing his usual tactics aforesaid, and had followed plaintiff about in said city and to the south side of Main street, in the central business portion of said city, using language aforesaid and placing plaintiff in great fear for her personal safety, necessitating her calling upon friends for protection, when the defendant wrongfully and viciously assaulted her," etc.; that the defendant was a large, powerful and athletic man, and the plaintiff a weak and unprotected woman. The third paragraph of answer is addressed to the incidental and unnecessary averments of the complaint. It is admitted therein that the plaintiff is the sister-in-law of the defendant, that she is the wife of John M. Smith, and that the defendant "talked to the plaintiff on different occasions alone, but always in a quiet and peaceful manner, and of and concerning matters of the highest and greatest importance to her, and especially of and concerning her conduct with Dr. John W. Selman. He also admits that on September 3, he approached the plaintiff upon a street of the city of Greenfield, Indiana, and spoke to her in a gentlemanly manner, and did not use any language calculated to place plaintiff in fear for her personal safety, or any language that would tend to humiliate said plaintiff in the least; but spoke to plaintiff concerning false and slanderous reports which she and said Dr. John W. Selman had been and were circulating concerning this defendant; that this defendant approached said plaintiff on said streets in a mild and gentlemanly manner, and asked her why she had been circulating such false and slanderous reports." It is then averred that upon his asking such questions the plaintiff struck him in the mouth, whereupon "this defendant, realizing that he had been struck and injured by plaintiff, and knowing that she was a woman of a violent and vicious temper, and believing from said fact and from the appearance surrounding him at such time and such occasion,

which circumstances and appearances caused him to believe that plaintiff would continue her attack upon him, and that he would receive great bodily harm and further injury at the hands of plaintiff, and while so believing and while having cause so to believe, he, this defendant, in defense of his own person, necessarily struck the plaintiff the blow complained of in her complaint." The pleading is not good as an argumentative denial. It does not contain any denial of any fact material to plaintiff's cause of action.

A formal plea of self-defense was contained in the second paragraph of answer, and had that been the defense relied upon a withdrawal of the third paragraph instead of the second would have left a clearly defined issue. By a plea of *son assault demesne* the defendant justifies an assault and battery, by asserting that the plaintiff committed an assault upon him, and that he merely defended himself. 2 Bouvier's Law Dict., 649. "The plea justifying a battery or wounding in self-defense, must be that the plaintiff assaulted the defendant, and *would* have [not *had*] beat and ill-treated the defendant, if he had not immediately defended himself against the plaintiff, and that, therefore, he did so defend himself, and *in so doing,* committed the battery and trespasses complained of." 1 Chitty, Practice, *595.

The pleading does not contain an allegation that the plaintiff would have beaten or ill-treated the defendant if he had not immediately defended himself. It is averred that he "believed" that he would receive great bodily harm, and that he struck her "while so believing and having cause so to believe." The latter recital is a conclusion. "That circumstances and appearances caused him to believe," is also a conclusion. That he "necessarily struck" is also a conclusion. No facts are stated from which any of such conclusions are deducible. The facts stated in the answer and the facts stated in the complaint, which are not denied, show that the appellee, an athletic man, sought out

his sister-in-law, "a weak and unprotected woman," on the public street, where she had a right to be, and that he approached her and proceeded to discuss matters of the character indicated until she was in fear for her personal safety, and called upon her friends for protection. The force of these facts are not lessened by the appellee's averment that his approach and conversation was "mild and gentlemanly." This too is a conclusion. Appellee's standards may not conform to the generally accepted standards of mildness and gentility. The conclusion that the alleged blow by the woman, under the circumstances, justified the man in brutally beating her, if it were attempted to be drawn, is at variance with the facts exhibited, and therefore not entertainable by a court. The facts fail to show good-faith self-defense. 1 Chitty, Practice, *593; *Norris* v. *Casel* (1883), 90 Ind. 143, 146; *Jones* v. *Gale* (186), 22 Mo. App. 637; *Roth* v. *Slobodien* (1905), (N. J.), 60 Atl. 59. If the appellee thinks he can justify on the ground of self-defense, he has counsel who know very well how to make the issue.

Judgment reversed, and the cause remanded, with instructions to sustain the demurrer to the third paragraph of answer.