## DODD v. STATE.

### Opinion delivered March 21, 1910.

SCHOOLS—DISCRETION OF TEACHER TO PUNISH CHILD.—Where a child had been in attendance at a school, but had withdrawn from the school without notifying the teacher, and he appeared upon the school grounds and was distracting the attention of the pupils, it was within the discretion of the teacher to require him to come in the school house or to leave the school grounds, and, if the child refused to obey, to administer reasonable corporal punishment for his disobedience.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellant, a school teacher, of Miller County, was convicted before a justice of the peace of the charge of assault and

battery for whipping Everitt Hillar. He appealed to the circuit court of Miller County, was tried before a jury, who returned a verdict of guilty, assessing his punishment at a ·fine of one dollar.

The facts were substantially as follows: Everitt Hillar, the prosecuting witness, was an enrolled pupil of the school taught by the defendant, R. B. Dodd; he did not attend the morning session on the day of the incident complained of, but after noon recess he appeared on the school grounds at a window of the school room and attracted the attention of the children who were at the blackboard. The teacher then noticed the boy, and told him to come into the house, but he did not move or respond. The teacher then told him he would have to come into the house or go home, and the boy answered, "What for?" The teacher then went out and struck him lightly three licks with a switch for the purpose of inducing him to take his seat in the school room. They went toward the front of the building, the teacher supposing that he was going to turn in the front door, but he passed on into the public road running by the school house, and went home, and thereupon his mother caused a warrant to be issued for the teacher's arrest.

The boy testified that this occurred on a certain Wednesday, and that he had not been at school since the preceding Friday. The teacher testified that he was at school the day before, and his books were still in the house.

The court, over the objection of the appellant, gave the following instruction:

"It devolves on the State to prove by the evidence, beyond a reasonable doubt, in this case that the defendant unlawfully did strike the prosecuting witness, as set out in the information. If the State has shown these facts beyond a reasonable doubt from the evidence, then you may convict the defendant of assault and battery, unless you find from the evidence that the defendant was justified therein, as hereinafter explained. If the prosecuting witness was a pupil in attendance on the school at the time the punishment is alleged to have been inflicted, then the defendant had a right, under the law, to administer to him any reasonable punishment for his refusal or failure to obey the defendant as such teacher of the school; but if you find

from the evidence, beyond a reasonable doubt, that the prose-cuting witness was not there that day in attendance on the school as a pupil, then the defendant had no right to punish him at all."

The appellant offered the following prayers:

"1. If you find from the evidence that the boy, Everitt Hillar, was on the regular roll of pupils at the Independence School, and that at the time of his punishment the teacher of said school had no notice that it was the intention of the parent of said boy to take him out of school, and that said boy appeared upon the school grounds during school hours, then you are instructed that the defendant had the right to direct and control him as a pupil of said school, and to punish him for disobeying the orders of said defendant that said boy leave the grounds or go into the school house, if such orders were given.

"2. You are instructed that a teacher has the right to punish a pupil for disobedience of an order to enter the school room or leave the grounds; and in this case if you find that the boy, Everitt Hillar, was a pupil of Independence School, and that he was standing at or near the window of the school house, and that defendant directed him to enter the school house, or leave the grounds, then you are instructed under the proof in this case that the defendant had the right to make said order, and to punish the boy for failure to promptly obey, if you find that he did not do so until the defendant went from the school room to the yard.

"3. If you find from the evidence that the boy, Everitt Hillar, was an enrolled pupil of the school taught by defendant, and appeared on the school grounds during school hours, and the defendant had no notice that it was not his purpose or the purpose of his mother for him to attend school on the day when the defendant punished said boy, and if the defendant had the right, as a reasonable man, in view of all circumstances, to believe that said boy was in attendance on the school, then you are instructed that the defendant had the right to control said pupil.

"4. If you believe from the evidence that Everitt Hillar was on the school grounds during school hours on the day of his alleged punishment by the defendant, and that he appeared

at one or more of the windows of the school house, and his appearance there caused a disturbance or a commotion in the school room, and that the defendant warned him to leave the school yard or come in the house, and he refused to do so, and if you further find that the defendant went out where he was and did not use means more than what a man of ordinary prudence would have used to eject or require said boy to leave the grounds or enter the house, then you are instructed to find the defendant not guilty."

*William H. Arnold,* for appellant.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

When acting within the sphere of his duties, a teacher has the right to administer corporal punishment to his pupils when, in his judgment, such punishment is necessary for the benefit of the pupil, or to maintain the discipline of the school, provided such punishment is not unreasonably severe. 2 Dev. & Batt. 365; 19 Vt. 102; 27 Me. 266. But that right no longer exists when the relation of teacher and pupil has ended. 66 Mo. 286; 3 Pitts. Rep. 264.

WOOD, J., (after stating the facts). The evidence shows that the lad Hillar had been a pupil of the school until Friday preceding the Wednesday following when he received the castigation. There was no evidence that he had ceased in the meantime to be a pupil of the school. If he had in fact withdrawn, the teacher had no notice of that fact. The teacher was warranted therefore, upon the undisputed facts, in treating Hillar as a pupil, and the court should not have submitted that question to the jury. Hillar, being a pupil of the school at the time the teacher thereof commanded him to leave the grounds or "to come in" the school house, should have obeyed the commands of his teacher. There is no evidence that punishment administered for the failure to obey was excessive. There was nothing to show that the teacher was actuated by any personal animosity toward the pupil.

In *Douglass* v. *Campbell,* 89 Ark. 258, we said: "Wholesome discipline is absolutely essential to the success of any school. Large discretion is allowed the teacher and the board,

within the statute, in determining what course of conduct on the part of pupils is necessary for the good of the whole school. That is the prime consideration. Any conduct on the part of a pupil that tends to demoralize other pupils and to interfere with the proper management of the school may subject the offending one to the punishment prescribed by the above statute."

In that case the punishment prescribed and administered was suspension. Here the punishment was not prohibited, and it was not administered in any arbitrary manner or malicious spirit. It was not unreasonable. Appellant had the authority to administer such punishment. *State* v. *Pendergrass,* 2 Dev. & Batt. 365; *Hathaway* v. *Rice,* 19 Vt. 102; *Stevens* v. *Fassett,* 27 Me. 266.

The appellant therefore was not guilty, and under the evidence was entitled to the prayers for instructions presented by him. The court erred.

The judgment is reversed, and the cause is remanded for a new trial.