# SUPREME COURT

OF THE

# STATE OF COLORADO

AT SEPTEMBER TERM, A. D. 1922.

---

## No. 10,177.

### PEDOTTO *v.* YANTORNO, ET AL.

Decided September 11, 1922.

Action for damages for assault and battery. Judgment for defendants.

*Affirmed.*

1. PLEADING—*Assault and Battery—Code Provisions.* The code provision that every material allegation of the complaint, not controverted by the answer, shall be taken as true, held to apply to actions for damages for assault and battery.

2. APPEAL AND ERROR—*Defense—Objections.* In an assault and battery case where the plea of self-defense is objected to for the first time on the trial, on the ground that it is a conclusion of law, no attempt having been made by motion or demurrer to question its sufficiency, the rulings of the trial court upon instructions and evidence relating to the defense will not be disturbed on review, where the plea itself is good.

(1)

3.   PLEADING—*Assault and Battery—Self-Defense.*  Plea of self-defense in an action for damages for assault and battery, reviewed and held sufficient.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action for damages for assault and battery of the plaintiff by the defendants.

Mrs. Pedotto, the plaintiff, is the mother of the defendant Yantorno's wife. For some time the family relations were strained. The plaintiff opposed the marriage of her daughter to Yantorno. Some of plaintiff's younger children had trifling difficulties with the children of defendant, Center. As sometimes happens in such family controversies, bad feeling was engendered.

On the morning of the alleged assault the defendants had set out from their homes on a rabbit hunt, and on the way they stopped at the home of plaintiff, and defendant Yantorno, the son-in-law, went into plaintiff's house and asked her to have her children cease their objectionable conduct towards the children of the defendant Center. These are about all the undisputed facts. From this point on the evidence is in hopeless conflict, and it would serve no useful purpose to summarize or comment upon it. If the trial court committed no error in rulings upon the testimony and in its instructions, its judgment should be affirmed.

Both plaintiff and defendant Yantorno, suffered injuries by the assault committed by each upon the other.

The answer contained two defenses: First, a general

denial, and the second what purports to be, a plea of self-defense, or *son assault demesne.*

As the only serious objections by the plaintiff are to admission of defendants' evidence and to the court's instructions, and as these are based upon the alleged absence of a sufficient plea of self-defense, we need only to consider that plea, for if it is good, as we think it is, there is no error in the record. The plea is in the following words:

"Admits that some altercation took place between the plaintiff and the defendant August Yantorno at or about the time and place mentioned in the complaint, but allege that the acts and conduct on the part of the defendants were fully justified by the circumstances attending the same; that at or about said time and place the defendant August Yantorno was set upon and beaten, battered and struck and assaulted by the plaintiff and his life threatened by the plaintiff, and that the plaintiff called to her assistance in her wrongful and unlawful assaults, and in an attempt to carry out the intention on the part of the plaintiff to beat and strike and batter the defendant, her husband and several of her children and other members of the family, and that the defendants and each of them, in their conduct, were acting solely and purely in self-defense."

One objection to this defense is that there is no admission by the defendants of the assault and battery set up in the complaint. If the code rule that pertains in ordinary civil actions applies to actions of assault and battery, it would seem that by a failure in this defense to deny the assault and battery, the same is admitted. We think the code rule applies.

Another objection is that the concluding allegation "that the defendants were acting solely and purely in self-defense", is a mere conclusion of law. It may be that a motion or special demurrer might, on some one or more of the code grounds, be tenable, but no objection was made to this defense until the defendants, at the trial, produced evidence to sustain it. No attempt having been made by

motion or demurrer to question, in any way its sufficiency, it is our duty to sustain the rulings of the trial court in its instructions and rulings upon the evidence, if the plea itself is good.

In Vol. 3 Sutherland, Code Pleading Practice and Forms, p. 2332, form 3829, the following is given as a sufficient plea in self-defense to an action for assault and battery: "That the plaintiff first assaulted the defendant, who thereupon necessarily committed the acts complained of, in self-defense."

The justification set up in this defense is, at least, as good as the plea commended by Sutherland. We hold that it is not subject to a general demurrer for insufficiency. 5 C. J. p. 656, *et seq.;* 5 C. J. p. 657, Par. 85; *Mellen v. Thompson, et al.,* 32 Vt. 407; *Smith v. Wickard,* 42 Ind. App. 508, 85 N. E. 1030.

The judgment of the court is right and should be affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD, sitting for MR. JUSTICE BURKE, concur.